LAW OFFICES OF

# THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16th Floor*
*Boston, MA  02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

November 12, 2010

James J. Lynch, III
Second Assistant Clerk-Magistrate
Middlesex Superior Court
200 Trade Center, Courtroom 420
Woburn, MA  01801

Re:   Patrick J. Hannon v. City of Newton, Middlesex Superior Court,
      Civil Action No. 08-4163.

Dear Mr. Lynch:

        Enclosed for filing in the above-entitled matter please find the following:

1.    Motion to Enforce Attorney's Lien;

2.    Affidavit of Compliance with Superior Court Rule 9A; and

3.    Document List.

        Thank you for your attention to this matter.

                        Sincerely,

                        THE McLAUGHLIN BROTHERS, P.C.,

                        By: _____
                                    Joel E. Faller

JEF/slp

Enclosures

H:\HANNON - EMDOM\LETTERS\midd sup ct - Lynch James Filing Motion to Enforce Attorney's Lien 1.doc

LAW OFFICES OF
# THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16th Floor*
*Boston, MA 02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

October 27, 2010

Internal Revenue Service
ATTN: Patricia MaGuire
118 Turnpike Road
Suite 100
Southborough, MA 01772

Rita Manning
c/o Thomas J. Flannagan
MacLean Holloway Doherty Ardiff & Morse PC
8 Essex Center Dr.
Peabody, MA 01960

City Homes Associates, Ltd.
c/o Jay P. Johnson
21 West Water Street
Wakefield, MA 01880

ACSTAR Insurance Co.
c/o Katherine Pacella Costello
Pepe & Hazard LLP
One Financial Center, 15th Floor
Boston, MA 02111

*Via Hand Delivery*
The Commonwealth Massachusetts Department of Revenue
Legal Division
ATTN: Eileen Ryan McAuliffe
100 Cambridge Street, 7th Floor
Boston, MA 02114-9565

Rosemarie Spinazola
c/o Peter Sutton
Riemer & Braunstein LLP
3 Center Plaza
Boston, MA 02108

Julie Foshay
c/o John M. Connolly
Simons & Keuthen LLP
12 Post Office Square
Boston, MA 02109-3917

John N. Lewis and
Susan A. Lewis
22 Cutler Road
Needham, MA 02492

Donalyn B. Lynch Kahn
Interim City Solicitor
City of Newton
1000 Commonwealth Avenue
Newton, Centre, MA 02459

Re:  <u>Patrick J. Hannon v. City of Newton</u>, Middlesex Superior Court,
Civil Action No. 08-4163.

To all affected parties:

Pursuant to Massachusetts Superior Court Rule 9A enclosed please find the Motion to Enforce Attorney's Lien to be filed in the above-captioned case.

Thank you for your attention to this matter.  If you have any questions, please give me a call.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.,

By: _____
        Joel E. Faller

JEF/eb
Enclosure

H:\HANNON - EMDOM\LETTERS\Letter Motion to Enforce Attorneys Lien 10 27 10.doc

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                              SUPERIOR COURT DEPT.
                                           OF THE TRIAL COURT
                                           CIVIL ACTION NO. 08-4163

_____
                                 )
PATRICK J. HANNON,               )
                                 )
            Plaintiff,            )
                                 )
v.                               )
                                 )
CITY OF NEWTON,                  )
                                 )
            Defendant.           )
_____)

## MOTION TO ENFORCE ATTORNEY'S LIEN

The law firm of The McLaughlin Brothers, P.C., with offices at One Washington Mall, 16th Floor, Boston, MA 02108 (the "Firm"), pursuant to G.L. c. 221 §50, hereby moves this Court for an order enforcing the Firm's statutory attorney's lien for its reasonable fees and expenses against the proceeds of the judgment obtained by the plaintiff in the above-captioned matter. Specifically, the Firm seeks an order establishing the Firm's reasonable fees and expenses and that such reasonable fees and expenses shall be paid from the judgment proceeds prior to payment to the plaintiff or any other creditor seeking funds due to the plaintiff. The Firm requests that unless the amount is disputed, the Court find that its reasonable fees are $150,549.94, pursuant to its 1/3 contingent fee agreement and that its reasonable expenses to be reimbursed are $1,211.79, for a total amount of $151,761.73 subject to the attorney's lien. In support of this Motion, the Firm states the following:

1

## FACTS

1.   On May 9, 2007, the Defendant, City of Newton (the "City") took by eminent domain
     (the "Taking") plaintiff's property located at 20 Rogers Street, Newton, Massachusetts
     (the "Property"). Immediately prior to the Taking, several purported creditors recorded
     liens, attachments, executions, and/or other asserted encumbrances on the Property. A
     list of the alleged encumbrances prior to the Taking is attached hereto as Exhibit A.[1]

2.   Upon the Taking, the City made a *pro tanto* payment in the amount of $2,300,000, which
     payment satisfied an outstanding mortgage on the property and provided payment to the
     Internal Revenue Service, resulting in the recording of a Certificate of Discharge of
     Property from a Federal Lien, a copy of which is attached hereto and in corporated herein
     by reference as Exhibit B.

3.   Less than a month prior to the taking, on April 10, 2007, Andrew M. Zaikis ("Zaikis"), an
     attorney representing the Commonwealth of Massachusetts' Department of Revenue
     ("DOR") sent a letter to the City of Newton Law Department in which he promised the
     following on behalf of DOR:

> In the event that the City of Newton takes the property at 20 Rogers Street,
> Newton (Record Owner: Patrick J. Hannon), by eminent domain on or before
> August 6, 2007, with City's award of damages for such taking in an amount no
> less than $2,300,000, the Department will not petition the Superior Court for
> assessment of damages and will not take any other action to challenge the amount
> of the award. In addition, the department will provide a release of all liens on the
> Property upon City's full payment of the damages to the persons entitled to
> damages as determined under applicable law governing priority of liens, which
> may be determined by a Court of Law in an interpleader or other action.

A copy of the April 10, 2007 letter is attached hereto and incorporated herein by reference

---

[1] The Firm has served each of the listed creditors with a copy of this Motion.

2

as Exhibit C. The April 10, 2007 letter further reserved the DOR's right to "issue

subsequent levies pursuant to the provisions of G.L. c. 62C, §53 to the City of Newton

seeking any and all property, or rights to property, belonging to Patrick J. Hannon."

4.  Upon information and belief, the City notified each party holding an encumbrance to the
    Property at the time of the Taking that the Taking occurred.

5.  Upon information and belief, the City further notified each party holding an interest in any
    encumbrance to the Property that, on or about January 2009, Hannon had filed suit in this
    matter.

6.  On November 10, 2008, the Firm filed suit on behalf of the plaintiff in this matter,
    pursuant to G.L. c. 79 §14 in order to contest the adequacy of the *pro tanto* award and to
    assert his right to have a jury establish the Property's fair market value as of the Taking
    date. The Firm has represented the plaintiff at all times subject to a contingent fee
    agreement, under which terms the Firm is entitled to 1/3 of any settlement or award to the
    plaintiff above the *pro tanto* paid to him, along with expenses incurred by the Firm. The
    Firm has incurred $1,211.79 in expenses in its representation of the plaintiff.

7.  No other party filed suit seeking compensation for any rights taken as a result of the Taking.

8.  On May 7, 2010, the Firm filed a Requested Ruling of Law Regarding Attorney's Lien,
    seeking a pre-trial ruling of law establishing that it was entitled to recover its reasonable fees
    and expenses ahead of any lien holders. The Massachusetts Department of Revenue
    ("DOR") and Rita Manning ("Manning") each filed limited motions to intervene for the sole
    purpose of the opposing the requested ruling. No other party has moved to intervene in this
    action. No party has substantively intervened in the prosecution of this action.

3

9.   Trial of this matter occurred from June 16 through June 23, 2010. At trial, the Firm

represented the plaintiff, and the parties hotly contested the Property's value. The

defendant maintained its position that the Property was worth only $2,300,000. The

plaintiff, represented by the Firm, through testimony from the plaintiff, an expert

appraiser and an expert construction cost engineer, contended that the fair market value of

the subject property was $2,720,000. Both experts were retained through the efforts of

the Firm.

10.  At the conclusion of the six (6) day Trial, the jury rendered its verdict that the Property's fair

market value was $2,720,000, the amount requested by the Firm on behalf of the plaintiff.

11.  The City subsequently filed a Motion for New Trial, which the Firm successfully opposed

on behalf of the plaintiff.

12.  The Court has recently allowed the City's Mass. R. Civ. P. Rule 67 Motion to permit it to

pay the Judgment proceeds into the Court, and the City has paid $451,649.82 and

indicated that it will not appeal the Judgment.

13.  Manning served a Motion for Leave to Intervene, seeking to enforce a judgment she asserts is

outstanding from the Judgment owed to Hannon by Newton.

14.  Without the substantial time, effort and work and significant expertise of the Firm, the

Judgment would not exist and none of the plaintiff's creditors would have a pool of funds

from which to claim payment.

## ARGUMENT

Pursuant to G.L. c. 221 §50, upon the commencement of this action on November 10,

2008, the Firm secured a lien for its reasonable fees and expenses upon the "judgment, decree or

other order in his client's favor entered or made in such a proceeding, and upon the proceeds derived therefrom." Therefore, the Firm is entitled to be paid for its services in this case prior to Hannon, or any party that derives its rights from Hannon. As argued in more detail below, the Firm's lien also entitles it to payment ahead of Hannon's purported creditors.

I.   **The Firm's Attorney's Lien Takes Priority Over Other Liens Against Hannon.**

    A.   **Creditors Are only Entitled to Reach the Funds to Which Hannon Would Have Been Otherwise Entitled.**

To the extent that any lienholder intends to rely on liens that were recorded against the Property prior to the Taking, all such liens were extinguished by the Taking. G.L. c. 79 § 3; Kahler v. Marshfield, 347 Mass. 514, 516-517 (1964); Collector of Taxes v. Revere Building, Inc., 276 Mass. 576, 579-580 (1931). Any rights in the proceeds of the Judgment remaining in any lienholder, would arise from putative equitable liens in such proceeds. Kahler, 347 Mass at 517; Revere Building, Inc., 276 Mass at 579. The theory behind an "equitable lien" under these circumstances is that a creditor with a statutory lien on specific property may follow that lien to the proceeds to which that property has been converted. Id. However, the creditor may only enforce an equitable lien against proceeds actually due to the debtor against whom the initial lien was recorded. Revere Building, Inc., 276 Mass. at 580. In Revere Building, Inc., the City of Boston held real estate tax liens against the defendant, Revere Building Inc., regarding property that was taken by eminent domain. The City sought to enforce its purported equitable liens in order to recover the amount of the liens from the compensation paid for the taking. However, the relevant property was subject to a mortgage of such amount that the entire compensation resulting from the taking was due to the mortgagee and not the landowner. The Supreme Judicial

5

Court held that under such circumstances, Boston was not entitled to enforce an equitable lien against the mortgagee, because it only had a cause of action against the landowner.

In Kahler, the Supreme Judicial Court recognized the right of the holder of a lien on property to proceed against a taking authority that had paid the proceeds of the taking to the owner of that property. 347 Mass. at 517. The reasoning of the case clearly limited the creditor's equitable remedy to funds received by the debtor: "[i]f the proceeds could have been found in the hands of [the debtor], the lien would have attached to them." Id. The holding of the case limited the cause of action against the taking authority to "the amount paid to [the debtor]." Id. at 518. Therefore, Massachusetts courts have recognized that an equitable lien is created in favor of one holding a lien against real estate taken by eminent domain, but only attaches to the proceeds due or paid *to the debtor*.

The Firm's reasonable fees and expenses are subject to a statutory attorney's lien and are not due nor payable to Mr. Hannon, but rather to the Firm pursuant to G.L. c. 221 §50. Therefore, similar to the funds payable to the mortgagee in Revere Building, Inc., the portion of the Judgment representing the Firm's fees is not subject to equitable liens resulting from recorded liens on the Property. There is no question that the Firm's interest in the portion of the Judgment representing its fee is superior to Hannon's interest in the funds.

B.   **Any Equitable Rights Held by Creditors Must Yield to the Firm's Superior Equitable Rights.**

The creditors' rights arising out of recorded liens against the Property arise solely out of equity. It is a long-recognized maxim that one who seeks equity must do equity. Holian v. Holian, 265 Mass. 563, 566 (1929) (Where the plaintiff was entitled to enforce a resulting trust

6

over property, it was proper for the court acting in equity to condition such relief on the plaintiff

indemnifying the defendant for expenses incurred related to the property). Similarly, courts

acting in equity have long recognized that a party who performs services that benefit another with

a reasonable expectation of payment is entitled to be paid the fair and reasonable value of his

services under principles of *quantum meruit* and unjust enrichment. Salamon v. Terra, 394 Mass.

857 (1985).

Here, allowing a creditor or creditors to take the entire Judgment, without allowing for

reasonable compensation for the Firm's efforts in creating that Judgment, would amount to

severe unjust enrichment. Without the Firm's efforts, no fund would be available for any

creditor to collect. The Firm expended substantial time and effort to achieve an extremely

successful result and clearly had a reasonable expectation of payment for its services. No

creditor participated in the case to any degree and none should be permitted to lie in wait to usurp

the fruits of the Firm's labor without allowing fair payment for its services.

### C.   The Firm's Attorney's Lien Has Priority over Other Liens.

As highlighted above, the liens recorded against the Property were extinguished by the

Taking. No party other than Hannon filed an action seeking compensation for the Taking.

Pursuant to G.L. c. 221 §50, the Firm secured its attorney's lien on November 11, 2008, the date

this action was filed. As of that date, no party had sought to intervene in this action, or

participate or contribute in any way. No party served the Firm with a notice of lien against its file

or the proceeds of this case. Accordingly, the Firm's lien attached before any other party made

any claims against the Judgment. Any party now seeking to intervene has done so well after the

statutory attorney's lien attached to proceeds of this matter.

Additionally, even if any lien is determined to have attached prior in time to the attorney's lien, such lienholders still must recover, if at all, after the attorney's lien has been satisfied. The attorney's lien serves two policy interests: (1) it protects attorneys by preventing clients from receiving the fruits of recoveries without paying attorneys for the services by which the recoveries were obtained, and more importantly (2) by insuring that attorneys will be compensated for their services, the lien protects access to legal services to clients with colorable claims who otherwise could not afford legal services necessary to protect their rights. P.G.R. Management Company, Inc. v. Credle, 427 Mass. 636, 640 (1998).

The policy interests served by the attorney's lien statute could not be more squarely implicated than in the instant case. The Firm has expended substantial amounts of attorney hours in filing this case, conducting discovery, communicating with experts, preparing for and conducting trial and successfully opposing the City's Motion for New Trial. No other allegedly interested party participated or contributed whatsoever in obtaining the Judgment. The Statute of Limitations expired pursuant to G.L. c. 79, §16 on May 9, 2010 and no other interested party has ever filed suit in this action. Accordingly, any funds arising from a judgment in this matter would not be available to any party (Hannon, Manning, the Commonwealth or any other creditor) without the substantial effort expended by the Firm. It would be patently inequitable to deprive the Firm of its reasonable fees in order to provide a windfall to a creditor of funds it would never have received but for the Firm's work.

The policy is best enforced by recognizing in cases such as this, where a creditor seeks to obtain funds due a plaintiff in a civil action the creditor is only entitled to receive any amounts actually due to the client after satisfaction of the attorneys' lien against the proceeds, if any, the

8

attorneys generated.  In this case, there is no question that Hannon is only entitled to receive the portion of the Judgment in this case not subject to the Firm's lien.  To the extent any party has a valid lien against Hannon and they are able to enforce it against his proceeds in this case, such proceeds should be limited to the amount to which Hannon is entitled:  the judgment proceeds, less any attorney's fees enforceable against Hannon pursuant to G.L. c. 221 §50.

Pursuant to G.L. c. 221 §50, the firm's attorney's lien began on November 11, 2008, the date this action was filed.  No Massachusetts case has considered whether an attorney's lien, which has priority over an attorney's client's rights, also has priority over a lien against the client that was recorded prior to the establishment of the attorney's lien.  In prior pleadings, the DOR and Manning cited two cases for the proposition that a conflict between an attorney's lien and any other creditors is determined by which lien is first in time.  Hayes v. Department of Revenue, 44 Mass. App. Ct. 905 (1997) and PGR Management Company, Inc. v. Credle, 427 Mass. 636 (1998).  Neither case supports a denial of reasonable fees and expenses to the Firm.

In Hayes, the Appeals Court did not decide that an attorney's lien would only be enforceable if it was first in time.  The court explicitly stated: "The case was decided in the Superior Court on the assumption that the lien first in time has priority.  The parties do not argue otherwise, and we proceed on the same assumption." 44 Mass. App. Ct. at 905, n. 2.  The Court explicitly relied on the assumption of the parties and therefore declined to decide the principle as a contested issue.  Further, the attorney in Hayes was determined to be first in time, so the issue of whether the attorney might have other grounds for priority was never at issue.

In PGR Management Company, Inc., the Supreme Judicial Court decided that the attorney's lien asserted on behalf of the attorney of a counterclaimant was superior in time to the

9

judgment in the same case in favor of the plaintiff, and that the plaintiff's judgment could not set off the amounts in the counterclaim subject to an attorney's lien. The court reasoned that because the attorney's lien arose from the commencement of the suit, it took priority over the plaintiff's judgment, which arose at a later date. This was true even though the plaintiff's claim clearly predated the counterclaimant's attorney's entry in the case. By the same logic, any creditor's entitlement to any judgment would clearly post-date the attorney's lien attaching at the time of the commencement of this suit.

Although research indicates this issue to be one of first impression in Massachusetts; courts in the State of New York have held that an attorney's lien takes priority over pre-existing liens under similar circumstances. In Estate of Dresner v. State of New York, 662 N.Y.S.2d 780 (1997), the New York Supreme Court Appellate Division held that an attorney's lien over a condemnation award had priority over federal and state tax liens, despite the fact that the tax liens were prior in time. The New York Appellate Division relied heavily on the reasoning of the Court of Appeals of New York in LMWT Realty Corp. v. Davis Agency Inc., 649 N.E. 2d 1183 (1995), a case involving a similar issue. In LMWT Realty Corp., the Court of Appeals held that an attorney's lien established during the representation of a landowner to recover fire insurance proceeds had priority over a pre-existing real estate tax lien on the property. This was true notwithstanding the fact that the real estate tax liens were established prior to the attorney's involvement and the fact that New York law specifically established that a local real estate tax lien attaches to the proceeds of a fire insurance policy paid due to a fire on the relevant property. The LMWT Realty Corp. court held that the tax liens attached only to the extent of the plaintiff's right to the proceeds, which was diminished to the extent of the attorney's lien. Id. at 1187. The

10

court noted that because the attorney's services were "'indispensably instrumental' in producing the funds upon which the tax liens attached, it would be in any event inequitable to apply the entire proceeds to the tax payment, **particularly since the Government had acquiesced in the litigation and knew … that an attorney's services were necessary to procure the plaintiff's recovery from his insurers."** Id, quoting Herlihy v. Phoenix, 83 N.Y.S.2d 707 (emphasis added).

The New York Appellate Division adopted the LMWT Realty Corp. reasoning in holding that an attorney who obtained a recovery in a condemnation case was entitled to take his fee before lienholders collected from a judgment: "where the attorney's services created the fund at issue… the attorney's charging lien must be given effect, even though … prior lien[s] against the specific fund exist." Estate of Dresner, 662 N.Y.S. at 781, quoting LMWT Realty Corp., 649 N.E.2d at 1186.

The New York holdings, based on sound principles of equity and policy, are persuasive and should be adopted and applied to this case. The Firm's services created the $451,649.82 fund from which the lienholders seek to be compensated. But for the Firm's work, no such compensation would be forthcoming to any party. The rule followed in New York benefits creditors like the DOR and Manning in the long run who will be paid $299,888.09 from the above referenced $451,649.82. But for the expectation of payment, attorneys will not agree to represent clients who are subject to tax or other liens on a contingent fee basis, which will prevent creditors like Manning or DOR from being paid from the proceeds of meritorious legal action.

11

## II.   DOR Has Waived its Lien.

A waiver is the voluntary relinquishment of a known right. Niagara Fire Ins. Co. v. Lowell Trucking Corp., 316 Mass. 652, 657 (1944). The DOR's April 10, 2007 letter establishes that the DOR knew it had rights concerning the liens on the Property. The DOR explicitly waived those rights in the letter, promising not to petition for assessment of damages or challenge the amount of the award if the City took the Property on or before August 6, 2007, awarding damages no less than $2,300,000. Newton satisfied these conditions by taking the Property on May 9, 2007 and paying a $2,300,000 pro tanto amount, and therefore, DOR waived its right to seek compensation beyond the $2,300,000 *pro tanto* payment. The entire Judgment in this matter represents damages recovered from a challenge to the City's award, a challenge in which the Commonwealth also promised not to engage. Accordingly, DOR has waived its rights to receive funds from this action pursuant to its liens.

Furthermore, the DOR promised to provide a release of all liens on the Property upon the City's full payment of damages to the appropriate parties.[2] The City made such a payment and the Commonwealth was required to release its liens and accordingly has waived any further compensation.

The only rights DOR reserved in its letter containing the waiver of its liens, was the right to issue subsequent levies to the City of Newton seeking any and all property, or rights to property, belonging to Patrick J. Hannon. The Commonwealth failed to issue any such levies prior to the commencement of this case, and therefore, any levies it issues will clearly be

---

2 In context, the condition of the full payment of "damages" clearly referred to the damages awarded by Newton, pursuant to G.L. c. 79 § 6, which was the $2,300,000 *pro tanto* payment, as evidenced by the earlier reference in the same paragraph to the "City's award of damages for such taking in an amount no less than $2,300,000." This

12

subsequent in time to the Firm's attorney's lien. G.L. c. 221 §50.

### III. Internal Revenue Service Liens on the Property Were Discharged and Are Statutorily Subordinate to the Firm's Attorney's Lien.

Prior to the taking, the Internal Revenue Service recorded notices of Federal tax liens for different tax years as encumbrances on the Property. However, by agreement with the City, the Internal Revenue Service discharged these liens as against the Property. Exhibit B.

Additionally, Federal law explicitly recognizes the policy in favor of attorneys' liens and provides that Federal tax liens shall not take priority against an attorney who holds a lien against a judgment to the extent of its reasonable compensation for obtaining the Judgment. 26 U.S.C. §6323 (b)(8).

Therefore, the Internal Revenue Service may not enforce its liens ahead of the Firm's attorney's lien.

### CONCLUSION

For the foregoing reasons, the Firm requests that the Court issue an order establishing that the Firm's reasonable fees and expenses in the amount of $151,761.73, or such other amount as is established after hearing, shall be paid from the judgment proceeds prior to payment to the plaintiff or any creditor seeking the funds paid into the Court.

---

payment was made to the appropriate parties, the mortgagee and the IRS, whohad priority over DOR at the time.

Respectfully submitted,

THE McLAUGHLIN BROTHERS, P.C.,

By: _____
George A. McLaughlin, III
BBO No. 544822
Joel E. Faller
BBO No. 659474
One Washington Mall, 16th Floor
Boston, MA 02108
(617) 523-7165

October 27, 2010

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that I have on this 27th day of October, 2010, served the foregoing on all parties hereto by mailing copies thereof via first-class mail, postage prepaid, to Donalyn B. Lynch Kahn, Interim City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA 02459, Internal Revenue Service ATTN: Patricia Maguire, 118 Turnpike Rd., Suite 100, Southborough, MA 01772; City Homes Associates, Ltd., c/o Jay P. Johnson, 21 West Water Street, Wakefield, MA 01880; The Commonwealth of Massachusetts Department of Revenue, Legal Division ATTN: Eileen Ryan McAuliffe, The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565 by hand delivery; and -3917 Julie Foshay, c/o John M. Connolly, Meyer Connolly, Simons & Keuthen LLP, 12 Post Office Square, Boston, MA 02109; Rita Manning, c/o Thomas J. Flannagan, MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA 01960; ACSTAR Insurance Co., c/o Katharine Pacella Costello, Pepe & Hazard LLP, One Financial Center, 15th Floor, Boston, MA 02111; Rosemarie Spinazola, c/o Peter Sutton, Riemer & Braunstein, LLP, 3 Center Plaza, Boston, MA 02108, John N. Lewis and Susan A. Lewis, 22 Cutler Road, Needham, MA 02492.

By: _____
Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Motion to Enforce Attorney's Lien.doc

14

# EXHIBIT A

EXHIBIT B

20 Rogers Street

Parties in interest for notice

| PARTY and Address | Recording date | Book/Page | Interest | Notes |
|---|---|---|---|---|
| 1 Patrick J. Hannon<br>21 Floral Street<br>Newton, MA 02461<br><br>2nd address:<br>177 Thrush Road<br>Acton, Maine 04001-5438 | 8/23/2002 | 36206/167 | Record owner | |
| 2 Merrill Lynch Credit Corp<br>c/o Harmon Law Offices<br>P.O. Box 610389<br>Newton Highlands, MA 02461-0389 | 8/23/2002 | 36206/169 | Mortgage | Original mortgagee: Resource Mortgage Banking, Ltd<br>Assigned to Merrill Lynch Credit Corp. at 44823/529 and 48591/26 |
| 3 Internal Revenue Service<br>ATTN: Della Chavez, Technical Services<br>P.O. Box 9112 Stop 20800<br>Boston, MA 02203<br>FAX 617-316-2606 | 2/8/2003 | 37941/130 | Federal Tax Lien | 1999 and 2000 |
| 4 Internal Revenue Service - see address #3 | 2/15/2003 | 38015/259 | Federal Tax Lien | 2001 |
| 5 City Homes Associates, Ltd<br>c/o Attorney Jay P. Johnson<br>21 West Water Street<br>Wakefield, MA 01880 | 4/29/2003 | 38977/458 | Execution | Boston Municipal Court, Civil Division<br>#276682 |
| 6 Internal Revenue Service - see address #3 | 2/23/2004 | 42081/591 | Federal Tax Lien | 2000 |
| 7 Mass. Department of Revenue<br>ATTN: Andrew Zaikis, Esq.<br>P.O. Box 9565<br>100 Cambridge Street<br>Boston, MA 02114-9565 | 4/2/2004 | 42385/452 | State Tax Lien | 2001 |
| 8 Mass. Department of Revenue - see address #7 | 4/2/2004 | 42385/458 | State Tax | 2002 |

20 Rogers Street

Parties in interest for notice

| # | Party / Address | Date | Number | Type | Description |
|---|---|---|---|---|---|
| 9 | Julie Foshay, c/o Attorney John M. Connolly, Sloman &Macdonald LLP, 12 Post Office Square, Boston, MA 02109 | 4/14/2004 | 42501/303 | Attachment | Middlesex Superior Court Civil Action #99-1554 (also see items #14 and 15 below) |
| 10 | Mass. Department of Revenue - see address #7 | 11/12/2004 | 44078/175 | State Tax | 1998-2000 |
| 11 | Mass. Department of Revenue - see address #7 | 11/12/2004 | 44078/176 | State Tax | 1998-2002 |
| 12 | Ritta S. Manning, III, c/o Attorney Thomas J. Flannagan, MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Drive, Peabody, MA 01960 | 6/28/2005 | 45487/164 | Execution | Middlesex Superior Court Docket #MICV2002-00351 |
| 13 | ACSTAR Insurance Co., c/o Attorney Katharine Pacella Costello, Pepe & Hazard, LLP, 225 Franklin Street, Boston, MA | 9/13/2005 | 46079/183 | Attachment | Middlesex Superior Court Civil Action #05-3189 |
| 14 | Julie Foshay, c/o Attorney John M. Connolly, Meyer, Connolly, Simons & Keuthen, LLP, 12 Post Office Square, Boston, MA 02109 | 6/6/2006 | 47576/19 | Attachment | Middlesex Superior Court Civil Action #99-1554. This 6/1/06 Attachment for $1,877,520. states that it confirms and re-states previous attachments approved in this case |
| 15 | Julie Foshay, c/o Meyer, Connolly, Simons & Keuthen, LLP, 12 Post Office Square, Boston, MA 02109 | 8/10/2006 | 47967/286 | Judgment | Middlesex Superior Court Civil Action #99-1554. |
| 16 | Rosemarie Spinazola, Executrix of the Estate of Clarence Spinazola, and as Co-Trustee, c/o Riemer & Braunstein, LLP, Three Center Plaza, Boston, MA 02108-2003 | 10/23/2006 | 48360/63 | Attachment | Suffolk Superior Court, CA 06-0949-BLS; Defendants are Mass. Environmental Associates, Inc. and Patrick J. Hannon, with Casella Waste Systems, Inc., Reach and Apply Defendants |

20 Rogers Street

17 John N. Lewis and Susan A. Lewis
c/o Attorney John N. Lewis & Assoc.
21 Merchants Row, 5th Floor
Boston, MA  02109

11/10/2006    48477/499    Attachment    Norfolk Superior Court Civil Action #06-
                                          00312-C

Parties in interest for notice

# EXHIBIT B



Department of the Treasury-Internal Revenue Service
## CERTIFICATE OF DISCHARGE OF PROPERTY FROM FEDERAL TAX LIEN
(Under Section 6325(b)(2)(A) of the Internal Revenue Code)

WHEREAS, Patrick J & Elizabeth Hannon, of 21 Floral Street, Newton, MA 02161 is/are indebted to the United States for unpaid internal revenue tax, as evidenced by:

| Notice of Federal Tax Lien Serial Number (A) | Recording Information (B) | Date Recorded (C) | Taxpayer Identification Number (D) | Amount Shown on Lien (E) |
|---|---|---|---|---|
| 40318073 | Book: 37941 Page: 130 | 02-08-2003 | | $2,739,256.88 |
| 40318586 | Book: 38015 Page: 259 | 02-15-2003 | | $2,707,897.12 |
| 156245104 | Book: 42081 Page: 591 | 02-23-2004 | | $17,408.00 |

WHEREAS, to secure the collection of said tax, notice of the lien of the United States, attaching to all the property and rights to property of the said taxpayer on account of said tax indebtedness, was filed with the Registry of Deeds, Southern Middlesex, State of Massachusetts in accordance with the applicable provisions of law.

WHEREAS, the lien of the United States, listed above, for said tax has attached to certain property described as:

20 Rogers Street, Newton, MA

A certain parcel of land more fully described at the Registry of Deeds, Southern Middlesex, State of Massachusetts in Book 36209, Page 167.

WHEREAS, the Area Director of Internal Revenue has determined that the value of the interest of the United States in the foregoing property, under and by virtue of its aforesaid tax lien, amounts to the sum of $57,214.55. In addition, under the provisions of section 6325(d)(2), the United States subordinates its tax lien to all reasonable and necessary expenses incurred in connection with the sale of the property or administration of the sale proceeds and any interest I have determined will increase the amount realized and facilitate collection of the tax liability. I have, therefore authorized the issuance, under the provisions of section 6325(b)(2)(A) of the Internal Revenue Code, of a certificate discharging the above-described property from the tax lien of the United States upon the payment of the sum of $57,214.55 to be applied in part satisfaction of the liability in respect of the tax hereinbefore stated which sum has been paid to be so applied, and the receipt of which sum by me is hereby acknowledged;

NOW, THEREFORE, THIS INSTRUMENT WITNESSETH, that I, Rebecca A. Chiaramida, Collection Area Director, North Atlantic Area of the Internal Revenue Service, charged by law with the duty of collecting and enforcing the collection of internal revenue taxes due to the United States, and charged with the assessment hereinbefore stated, do, pursuant to the provisions of section 6325(b)(2)(A) of the Internal Revenue Code, discharge the property heretofore described from the aforesaid tax lien, saving and reserving, however, the force and effect of said tax lien against and upon all other property or rights to property to which said lien is attached, wheresoever situated.

WITNESS my hand at Boston, Massachusetts, on May 4, 2007.

REBECCA A. CHIARAMIDA
Collection Area Director

Bk: 49790 Pg: 250  Doc: FTAXI
Page: 1 of 1  07/17/2007 02:27 PM

By: _____
A.J. Behrle, Jr.
Manager
Technical Services Group

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

S. Register

City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459

# EXHIBIT C



ALAN LEBOVIDGE
COMMISSIONER

KEVIN W. BROWN
GENERAL COUNSEL

*The Commonwealth of Massachusetts*
*Department of Revenue*
*Legal Division —Litigation Bureau*
*P.O. Box 9565*
*100 Cambridge, Street*
*Boston, Massachusetts 02114-9565*

April 10, 2007

Gayle A. Smalley
Associate City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459

     Re:    Real Property at 20 Rogers Street, Newton
              Taxpayer: Patrick J. Hannon

Dear Attorney Smalley:

    In the event that the City of Newton takes the Property at 20 Rogers Street, Newton (record owner: Patrick J. Hannon), by eminent domain on or before August 6, 2007, with City's award of damages for such taking in an amount no less than $2,300,000, the Department will not petition the superior court for assessment of damages and will not take any other action to challenge the amount of the award. In addition, the Department will provide a release of all liens on the Property upon City's full payment of the damages to the persons entitled to damages as determined under applicable law governing priority of liens, which may be determined by a court of law in an interpleader or other action.

    In taking this position, the Department of Revenue does not waive its rights to issue subsequent levies pursuant to the provisions of G.L.c. 62C, Section 53 to the City of Newton seeking any and all property, or rights to property, belonging to Patrick J. Hannon. Specifically, it remains the Department's position that it can levy any and all subsequent awards of damages to, or on behalf of, Patrick J. Hannon relating to the taking of this property that might arise from any future litigation regarding this proposed taking.

If you have any further questions or concerns, please feel free to contact me at (617) 626-2310.

Sincerely,

Andrew M. Zaikis
Tax Counsel
Litigation Bureau

## CONTINGENT FEE AGREEMENT

I, Patrick J. Hannon, of 559 Route 109, Acton, ME 04001 ("the Client"), retains as

Attorneys, THE McLAUGHLIN BROTHERS, P.C. of One Beacon Street, Boston,

Massachusetts 02108 ("the Attorneys") to perform the legal services described in paragraph (1)

below. The Attorneys agree to perform those services faithfully and with due diligence.

(1) The claim, controversy and other matters with reference to which the services are to

be performed are the recovery of damages for injuries sustained by a taking of certain property in

Newton, MA by the City of Newton.

(2) The contingency upon which compensation is to be paid is the recovery of damages.

(3) The Client is not liable to pay compensation otherwise than from amounts collected

for him by the Attorneys.

(4) Reasonable compensation on the foregoing contingency is to be paid by the Client to

the Attorneys. The Client shall pay to the Attorneys a fee of one-third (1/3) of that amount

received, including interest and all other sums received, over and above the pro tanto payment,

including any increase in the pro tanto payment, and in addition thereto, the Client shall pay the

Attorneys' reasonable expenses and disbursements; and said fee shall be limited to one-third (1/3)

of said amounts received, as described above, whether or not the case is appealed to the Appeals

Court and/or Supreme Judicial Court.

(5) The Client is, in any event, liable to the Attorneys for his reasonable expenses and

disbursements.

1

(6) The Client shall pay from his own funds, and authorizes the Attorneys to pay from any judgment or settlement proceeds, all fees and expenses pertaining to real estate appraisers and experts of all kinds retained in connection with the preparation of the Client's claim for trial.

This Agreement and its performance are subject to General Rule 3:05 of the Supreme Judicial Court of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this _____ day of October, 2007, and we acknowledge WE HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT, AND HAVE RECEIVED A COPY OF THIS AGREEMENT THIS DAY.

Witness to Signatures:

_____          _____
                                           Patrick J. Hannon

                                   THE MCLAUGHLIN BROTHERS, P.C.

_____          By:_____
                                           George A. McLaughlin, III

I have received a copy of this Agreement this 1st day of October, 2007.

_____
                                           Patrick J. Hannon

H:\HANNON - EMDOM\MISC\CFA - EM DOM.doc

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO. 08-4163

---

PATRICK J. HANNON,                    )
                                      )
                Plaintiff,            )
                                      )
v.                                    )
                                      )
CITY OF NEWTON,                       )
                                      )
                Defendant.            )

---

## AFFIDAVIT OF COMPLIANCE WITH SUPERIOR COURT RULE 9A

I, Joel E. Faller, having been duly sworn, hereby depose and say that:

1.   I make this affidavit based upon personal knowledge.

2.   On October 27, 2010, I served the Motion to Enforce Attorney's Lien (the "Motion")
     upon counsel for the defendant, upon the plaintiff personally and upon all parties who
     have intervened in the case, including the Massachusetts Department of Revenue, and
     Rita Manning.

3.   I also served by mail a courtesy copy of the Motion to all parties identified as holders of
     liens, attachments or executions over the property that was the subject of the above-
     captioned case as identified in Exhibit A to the Motion, including the United States
     Internal Revenue Service, who has served a Motion to Intervene in this case.

4.   No opposition has been received.

5.   I have been informed by all current parties, including interveners, and by the Internal
     Revenue Service that they will not file an opposition to the Motion.

6.      the plaintiff has informed me that he assents to the Motion.

7.      I have complied with Superior Court Rule 9A.

Signed under the pains and penalties of perjury this  12  th day of November, 2010.

Joel E. Faller
BBO No. 659474
One Washington Mall, 16th Floor
Boston, MA 02108
(617) 523-7165

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that I have this 12th day of November, 2010 served the attached Affidavit of Compliance with Superior Court Rule 9A by mailing a copy thereof postage prepaid to Donnalyn B. Lynch Kahn, Interim City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA  02459, Thomas J. Flannagan, Esq., MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA  01960, Eileen Ryan McAuliffe, Esq., The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565 and Edward J. Murphy, Esq., U.S. Department of Justice, Tax Division, Box 55, Ben Franklin Station, Washington, DC 20044.

By: _____
        Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Affidavit 9A v2.doc

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPT.
                                                 OF THE TRIAL COURT
                                                 CIVIL ACTION NO. 08-4163

```
_____
                               )
PATRICK J. HANNON,             )
                               )
              Plaintiff,       )
                               )
v.                             )
                               )
CITY OF NEWTON,                )
                               )
              Defendant.       )
_____)
```

### DOCUMENT LIST

1.  Motion to Enforce Attorney's Lien;

2.  Affidavit of Compliance with Superior Court Rule 9A; and

3.  Document List.

                              Respectfully submitted,

                              By his attorneys,

                              THE McLAUGHLIN BROTHERS, P.C.,


                              By: _____
                                  George A. McLaughlin, III
                                  BBO No. 544822
                                  Joel E. Faller
                                  BBO No. 659474
                                  One Washington Mall, 16th Floor
                                  Boston, MA  02108
                                  (617) 523-7165

Dated: November 12, 2010

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that on the 12th day of November, 2010, I served the above Document List on all parties hereto by delivering a copy thereof via first class mail, postage prepaid, to Donnalyn B. Lynch Kahn, Interim City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA 02459, Thomas J. Flannagan, Esq., MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA 01960, Eileen Ryan McAuliffe, Esq., The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565 and Edward J. Murphy, Esq., U.S. Department of Justice, Tax Division, Box 55, Ben Franklin Station, Washington, DC 20044.

_____
Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Document List 11 09 10.doc

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                      SUPERIOR COURT

|  |  |
|---|---|
| PATRICK J. HANNON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2008-4163 |
| | ) |
| CITY OF NEWTON, | ) |
| | ) |
| Defendant, | ) |

## LIST OF DOCUMENTS INCLUDED IN
## THE SUPERIOR COURT RULE 9A PACKAGE

The United States of America, pursuant to Superior Court Rule 9A, submits the following list of documents included in the Superior Court Rule 9A Package.

1. United States' Motion to Intervene;

2. United States' Memorandum In Support of Its Motion to Intervene;

3. Account Transcripts;

4. Declaration of John Carroll;

5. United States' Complaint In Intervention;

6. Proposed Order;

7. Rita S. Manning's Opposition to the United States' Motion to Intervene, with attachments;

8. Declaration of Compliance with Superior Court Rule 9A;

9. Certificate of Notice of Filing Superior Court Rule 9A Package.

Respectfully submitted,

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*Edward J Murphy*

EDWARD J. MURPHY (BBO 669265)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6064
Email: Edward.J.Murphy@usdoj.gov

Dated: November 30, 2010

2

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUPERIOR COURT

| | |
|---|---|
| PATRICK J. HANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2008-4163 |
| | ) |
| CITY OF NEWTON, | ) |
| | ) |
| Defendant, | ) |

### UNITED STATES' MOTION TO INTERVENE

The United States of America, by its undersigned counsel, pursuant to Mass. R. Civ. P. 24(a) and 26 U.S.C. § 7424, moves this Court for an order permitting the United States to intervene in the above-captioned case and to file the Complaint in Intervention that accompanies this motion. In support of its motion, the United States avers that (1) federal tax liens attach to Patrick Hannon's interest in the judgment that he obtained against the City of Newton in this case in the amount of $420,000.00 plus interest in the amount of $31,245.72, which is currently being held by the Court; (2) the Massachusetts Department of Revenue and Rita S. Manning have moved to intervene and made claims to the judgment proceeds; (3) the United States' interests will be adversely affected if it is not allowed to intervene to enforce its federal tax liens with respect to the judgment proceeds; and (4) unless the United States is allowed to intervene, the parties will lack the final adjudication that the parties seek as the federal tax liens will remain attached to the judgment proceeds.

Attached to this motion are (1) the United States' Memorandum In Support Of Its Motion to Intervene, with exhibits, (2) a Complaint in Intervention, and (3) a Proposed Order.

The requirements for any opposition to this motion are governed by Massachusetts Superior Court Rule 9A.

WHEREFORE, the United States requests that this Court enter the attached proposed order permitting the United States to intervene in the above-captioned case and to file the proposed Complaint in Intervention that accompanies this motion

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*Edward J Murphy*

EDWARD J. MURPHY (BBO 669265)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6064
Email: Edward.J.Murphy@usdoj.gov

Dated: November 8, 2010

## CERTIFICATE OF SERVICE

I certify that service of the United States' Motion to Intervene and all attachments to that

motion has been made upon the following by depositing a copy in the United States mail, postage

prepaid, this 8th day of November, 2010:

George A. McLaughlin, III and
Joel E. Faller
The McLaughlin Brothers, P.C.
One Washington Mall, 16th Floor
Boston, MA 02108

Donnalyn B. Lynch-Kahn and
Maura E. O'Keefe
1000 Commonwealth Avenue
City Hall, Legal Department
Newton Centre, MA 02459

Eileen Ryan McAuliffe
Massachusetts Department of Revenue
100 Cambridge Street, 7th Floor
P.O. Box 9565
Boston, MA 02114

Thomas J. Flannagan
8 Essex Center Drive
Peabody, MA 01960

*Edward J Murphy*

EDWARD J. MURPHY (BBO 669265)
Trial Attorney, Tax Division
U.S. Department of Justice

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                            SUPERIOR COURT

|  |  |
|---|---|
| PATRICK J. HANNON, | ) |
| Plaintiff, | ) |
| v. | )    Civil Action No. 2008-4163 |
| CITY OF NEWTON, | ) |
| Defendant, | ) |

### UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE

The United States of America, by its undersigned counsel, submits the following memorandum in support of the United States' Motion to Intervene.

### **Background**

A delegate of the Secretary of the Treasury made assessments for income taxes, penalties, and interest against Patrick J. Hannon and his wife, Elizabeth Hannon, jointly and severally, on the dates and for the tax periods below, with the following total balances due, after all credits, payments, abatements, and accruals as of November 5, 2010.

| Tax Period Ending | Assessment Dates | Assessment Type | Assessment Amounts | Amount due as of 11/05/2010 |
|---|---|---|---|---|
| 12/31/1999 | 12/24/2001 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Late Payment Penalty<br>Interest | $1,370,565.00<br>$5,489.00<br>$227,854.35<br>$106,332.03<br>$174,890.08 | |
| | 10/17/2005 | Late Payment Penalty | $131,397.04 | $1,453,667.81 |

| 12/31/2000 | 12/17/2001 | Tax | $1,275,665.00 | |
| | | Estimated Tax Penalty | $57,400.00 | |
| | | Late Filing Penalty | $55,689.34 | |
| | | Late Payment Penalty | $55,689.34 | |
| | | Interest | $63,158.48 | |
| | 12/24/2001 | Interest | $1,973.86 | |
| | 01/05/2004 | Tax | $17,408.00 | |
| | | Late Filing Penalty | $870.00 | |
| | 10/17/2005 | Late Payment Penalty | $257,092.15 | $947, 552.20 |
| 12/31/2001 | 12/02/2002 | Tax | $2,392,845.00 | |
| | | Estimated Tax Penalty | $60,063.00 | |
| | | Late Filing Penalty | $106,002.31 | |
| | | Late Payment Penalty | $94,224.28 | |
| | | Interest | $92,000.53 | |
| | 10/17/2005 | Late Payment Penalty | $494,522.71 | $4,909,671.06 |
| **Total** | --- | --- | --- | $7,311,890.07 |

A delegate of the Secretary of the Treasury properly issued notices of the tax assessments described above to Patrick J. Hannon and made demands for payment to Patrick J. Hannon. Despite the notices of the tax assessments and demands for payment, Patrick J. Hannon has failed, neglected, or refused to pay in full the assessments, and there remains due and owing $7,311,890.07, plus statutory additions and interest according to law from November 5, 2010. Exhibit 1: Account Transcripts; Exhibit 2: Declaration of John D. Carroll.

On November 10, 2008, plaintiff Patrick J. Hannon filed this lawsuit against the City of Newton, challenging the amount of compensation paid to him by the city for its taking of his real property under the power of eminent domain. On May 19, 2010, the Internal Revenue Service (IRS) served a notice of levy on the City of Newton to attach any judgment that Mr. Hannon may be awarded in connection with this litigation. On July 6, 2010, this Court entered judgment in favor of Mr. Hannon and against the city in the amount of $420,000.00 plus interest in the amount of $31,245.72. On September 14, 2010, the City of Newton filed a Motion for Leave to

Pay Judgment Amount Into Court, noting that the Massachusetts Department of Revenue and Rita S. Manning also claimed interests in the judgment proceeds. The Court granted the motion on September 23, 2010. The United States contends that the entire amount of the judgment currently being held by the Court should be paid to the United States for application toward the federal tax liens, which are senior to the interests of the Massachusetts Department of Revenue and Rita S. Manning.

**Argument**

The United States seeks to intervene as a party to protect its interests in and to bring finality with respect to the matter of the distribution of the judgment proceeds. The United States may intervene as a party under both Rule 24(a) of the Massachusetts Rule of Civil Procedure and under Section 7424 of Title 26 of the United States Code (Internal Revenue Code). Massachusetts Rule of Civil Procedure 24(a) states that:

> upon timely application, anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

Mass. R. Civ. P. 24(a); Johnson Turf & Golf Mgmt., Inc. v. City of Beverly, 802 N.E.2d 597, 600 (Mass. App. Ct. 2004).

The United States has an interest in the judgment proceeds by virtue of federal tax liens that have attached to those proceeds. A federal tax lien arises when a delegate of the Secretary of the Treasury makes an assessment for a tax liability and continues until either the underlying liability is satisfied or the lien becomes unenforceable. 26 U.S.C. §§ 6321, 6322. The lien attaches to all "property and rights to property, whether real or personal, belonging to [a

-3-

delinquent taxpayer]." 26 U.S.C. § 6321. The lien includes all statutory additions and interest that may accrue on the assessment. Id.

On various dates between the years 2001 and 2004, the IRS made assessments against Patrick J. Hannon for income tax liabilities relating to the years 1999, 2000, and 2001. Notices of the tax assessments and demands for payment were properly sent to Patrick J. Hannon. As of November 5, 2010, the amount of $7,311,890.07 is due and owing for those assessments. Interest and statutory additions continue to accrue according to law.

Because it attaches to all property and rights to property of a taxpayer, a federal tax lien attaches to any right to bring a cause of action or cause of action that belongs to a taxpayer. See, e.g., United States v. Cent. Bank of Denver, 843 F.2d 1300, 1305 (10th Cir. 1988) ("[R]ight of possession to the chose in action . . . constitutes the taxpayer's property and [] is subject to a federal tax lien."); In re Weninger, 119 B.R. 238, 241 (Bankr. D. Colo. 1990) ("A chose in action constitutes property or rights to property within the meaning of the Internal Revenue Code.") Therefore, after tax assessments were made against Patrick J. Hannon on various dates between the years 2001 and 2004, federal tax liens attached to his interest in the cause of action that he brought against the City of Newton in 2008, and those liens remain on the judgment proceeds.

Distribution of the judgment proceeds without the United States as a party would impair the ability of the United States to protect its interest regarding those proceeds. The Massachusetts Department of Revenue and Rita S. Manning have made claims with respect to the judgment proceeds. A determination with respect to distribution of the judgment proceeds made without the United States as a party could result in a distribution to another party of monies to which the federal tax liens have priority, thereby impairing the interest of the United States.

-4-

Such a result could lead to continuing litigation, causing the parties to incur additional expenses and to use further judicial resources. Because the United States has an interest in the judgment proceeds that are now at issue in this case, and because that interest will be impaired as a practical matter should the proceeds be distributed without the United States as a party, the United States satisfies the requirements for intervention as of right pursuant to Mass. R. Civ. P. 24(a).

The United States may also intervene as a party in this proceeding pursuant to Section 7424 of Title 26 of the United States Code, which states as follows: "If the United States is not a party to a civil action or suit, the United States may intervene in such action or suit to assert any lien arising under this title on the property which is the subject of such action or suit." 26 U.S.C. § 7424; see United States v. Rye, 550 F.2d 682, 686 (1st Cir. 1977) (finding that § 7424 supports the proposition that "government may intervene in state court proceeding affecting taxpayer's property"). The United states seeks to intervene to enforce federal tax liens that have attached to Patrick J. Hannon's cause of action against the City of Newton and that remain on the judgment proceeds. Accordingly, intervention by the United States is appropriate pursuant to 26 U.S.C. § 7424.

In addition to seeking to intervene in this case to protect its interest in the judgment proceeds, the United States seeks to bring finality to the dispute regarding the judgment proceeds and the parties' rights to them. If the United States is unable to intervene as a party to this action, its federal tax liens will remain attached to the proceeds. See 26 U.S.C. § 7424 ("In any case in which the application of the United States to intervene [to assert a lien] is denied, the adjudication in such civil action or suit shall have no effect upon such lien."); see also

26 U.S.C. § 6322 ("[The federal tax lien] shall continue until the liability . . . is satisfied or becomes unenforceable . . . ."). In that event, the parties presently involved in this action will not be afforded the complete relief and final adjudication that they seek. The United States therefore also requests to intervene in this action pursuant to 26 U.S.C. § 7424 in order to bring a final resolution to the dispute over distribution of the judgment proceeds.

### Conclusion

Because federal tax liens against Patrick J. Hannon have attached to the judgment proceeds and the interests of the United States will be adversely affected if it is not allowed to intervene as a party, and because the parties to this action cannot be afforded complete relief unless the United States is allowed to intervene, the United States moves to intervene in this action pursuant to Mass. R. Civ. P. 24(a) and 26 U.S.C. § 7424.

Respectfully submitted,

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

EDWARD J. MURPHY (BBO 669265)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6064
Email: Edward.J.Murphy@usdoj.gov

Dated: November 8, 2010

-6-

 Internal Revenue Service

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

Request Date: 10-20-2010
Response Date: 10-20-2010
Tracking Number: 100082104394

FORM NUMBER: 1040                                  TAX PERIOD: Dec. 31, 1999

TAXPAYER IDENTIFICATION NUMBER:
SPOUSE TAXPAYER IDENTIFICATION NUMBER:

PATRICK J & ELIZABETH HANNON
177 THRUSH RD
ACTON, ME 04001-5438-771

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>
        --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                    784,340.61
ACCRUED INTEREST:                   668,690.18  AS OF: Nov. 01, 2010
ACCRUED PENALTY:                          0.00  AS OF: Nov. 01, 2010

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):    1,453,030.79

            ** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                          04 FILING STATUS: Married Filing Joint
ADJUSTED
GROSS INCOME:                   7,099,734.00
TAXABLE INCOME:                 7,092,534.00
TAX PER RETURN:                 1,370,565.00
SE TAXABLE
INCOME TAXPAYER:                        0.00
SE TAXABLE
INCOME SPOUSE:                          0.00
TOTAL SELF
EMPLOYMENT TAX:                         0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Oct. 23, 2001
PROCESSING DATE                                                Dec. 24, 2001
```

```
                           TRANSACTIONS
```

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 150 | Tax return filed | 20015008 | 12-24-2001 | $1,370,565.00 |
|  | 28211-300-46133-1 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2000 | -$36,371.00 |

| 460 | Extension of time to file ext. Date 08-15-2000 | | 04-15-2000 | $0.00 |
|---|---|---|---|---|
| 670 | Payment | | 04-15-2000 | -$320,000.00 |
| | | | | |
| 460 | Extension of time to file ext. Date 10-15-2000 | | 04-15-2000 | $0.00 |
| 140 | Inquiry for non-filing of tax return | | 02-21-2001 | $0.00 |
| 170 | Penalty for not pre-paying tax | 20015008 | 12-24-2001 | $5,489.00 |
| 766 | Credit to your account | | 04-15-2000 | -$1,508.00 |
| 166 | Penalty for filing tax return after the due date | 20015008 | 12-24-2001 | $227,854.35 |
| 276 | Penalty for late payment of tax | 20015008 | 12-24-2001 | $106,332.03 |
| 196 | Interest charged for late payment | 20015008 | 12-24-2001 | $174,890.08 |
| 960 | Appointed representative | | 03-15-2002 | $0.00 |
| 670 | Payment | | 05-30-2002 | -$1.60 |
| | | | | |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 06-17-2002 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 09-02-2002 | $0.00 |
| 670 | Payment Miscellaneous Payment | | 11-12-2002 | -$250,000.00 |
| 670 | Payment | | 12-02-2002 | -$8,845.00 |
| | | | | |
| 582 | Lien placed on assets due to balance owed | | 01-24-2003 | $0.00 |
| 670 | Payment Seizure and Sale | | 11-09-2004 | -$42,233.90 |
| | | | | |
| 360 | Fees and other expenses for collection | | 04-18-2005 | $766.10 |
| 694 | Payment of fees/costs only Seizure and Sale | | 11-09-2004 | -$766.10 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 05-31-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 06-06-2005 | $0.00 |
| 670 | Payment Seizure and Sale | | 04-08-2005 | -$98,337.50 |
| | | | | |
| 360 | Fees and other expenses for collection | | 09-26-2005 | $1,622.50 |
| 670 | Payment Seizure and Sale | | 04-13-2005 | -$386,000.00 |
| 670 | Payment | | 09-27-2005 | -$8,104.00 |
| | | | | |
| 276 | Penalty for late payment of tax | 20054008 | 10-17-2005 | $131,397.04 |
| 670 | Payment Levy | | 11-16-2005 | -$2,610.21 |
| 670 | Payment Levy | | 12-07-2005 | -$2,610.21 |
| 670 | Payment Levy | | 01-05-2006 | -$2,610.21 |
| 694 | Payment of fees/costs only Seizure and Sale | | 04-08-2005 | -$1,622.50 |

| | | | |
|---|---|---|---|
| 360 | Fees and other expenses for collection | 02-13-2006 | $1,622.50 |
| 670 | Payment<br>Levy | 01-25-2006 | -$2,610.21 |
| 670 | Payment | 04-08-2005 | -$40.00 |
| 670 | Payment<br>Levy | 02-27-2006 | -$2,610.21 |
| 670 | Payment<br>Levy | 04-04-2006 | -$2,610.21 |
| 470 | Claim pending | 01-22-2007 | $0.00 |
| 670 | Payment<br>Miscellaneous Payment | 05-11-2007 | -$60,692.83 |
| 670 | Payment | 09-07-2007 | -$6,014.30 |
| 420 | Examination of tax return | 09-27-2007 | $0.00 |
| 300 | Additional tax assessed by examination<br>49247-682-00165-7 | 20074208 10-29-2007 | $0.00 |
| 421 | Closed examination of tax return | 10-29-2007 | $0.00 |
| 420 | Examination of tax return | 11-02-2007 | $0.00 |
| 530 | Balance due account currently not collectable | 03-04-2008 | $0.00 |
| 300 | Additional tax assessed by examination<br>19247-467-10028-8 | 20081208 03-31-2008 | $0.00 |
| 582 | Lien placed on assets due to balance owed | 07-25-2008 | $0.00 |
| 971 | Undeliverable notice of lien filing and right<br>to Collection Due Process hearing | 08-19-2008 | $0.00 |
| 971 | Notice issued<br>CP 071A | 10-19-2009 | $0.00 |
| 531 | Account currently considered collectable | 03-29-2010 | $0.00 |

This Product Contains Sensitive Taxpayer Data



| This Product Contains Sensitive Taxpayer Data |

## Account Transcript

Request Date: 10-20-2010
Response Date: 10-20-2010
Tracking Number: 100082104394

FORM NUMBER: 1040                          TAX PERIOD: Dec. 31, 2000

TAXPAYER IDENTIFICATION NUMBER:
SPOUSE TAXPAYER IDENTIFICATION NUMBER:

PATRICK J & ELIZABETH HANNON
177 THRUSH RD
ACTON, ME 04001-5438-771

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                    403,189.95
ACCRUED INTEREST:                   543,947.00   AS OF: Nov. 01, 2010
ACCRUED PENALTY:                          0.00   AS OF: Nov. 01, 2010

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):      947,136.95

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                         05 FILING STATUS: Married Filing Joint
ADJUSTED
GROSS INCOME:                     4,168,531.00
TAXABLE INCOME:                   4,157,652.00
TAX PER RETURN:                   1,275,665.00
SE TAXABLE
INCOME TAXPAYER:                          0.00
SE TAXABLE
INCOME SPOUSE:                            0.00
TOTAL SELF
EMPLOYMENT TAX:                           0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)      Oct. 23, 2001
PROCESSING DATE                                                  Dec. 17, 2001

| TRANSACTIONS |

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150 | Tax return filed | 20014908 | 12-17-2001 | $1,275,665.00 |
|  | 28211-300-19532-1 |  |  |  |
| 806 | W-2 or 1099 withholding |  | 04-15-2001 | -$38,124.00 |

| 460 | Extension of time to file ext. Date 08-15-2001 | | 04-15-2001 | $0.00 |
|---|---|---|---|---|
| 460 | Extension of time to file ext. Date 10-15-2001 | | 04-15-2001 | $0.00 |
| 170 | Penalty for not pre-paying tax | 20014908 | 12-17-2001 | $57,400.00 |
| 166 | Penalty for filing tax return after the due date | 20014908 | 12-17-2001 | $55,689.34 |
| 276 | Penalty for late payment of tax | 20014908 | 12-17-2001 | $55,689.34 |
| 196 | Interest charged for late payment | 20014908 | 12-17-2001 | $63,158.48 |
| 766 | Tax relief credit | | 12-24-2001 | -$600.00 |
| 290 | Additional tax assessed | 20015008 | 12-24-2001 | $0.00 |
| | 28254-999-05099-1 | | | |
| 196 | Interest charged for late payment | 20015008 | 12-24-2001 | $1,973.86 |
| 960 | Appointed representative | | 03-15-2002 | $0.00 |
| 922 | Review of unreported income | | 12-14-2003 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 09-02-2002 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 01-03-2003 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 01-03-2003 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 01-24-2003 | $0.00 |
| 360 | Fees and other expenses for collection | | 02-17-2003 | $69.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | | 01-31-2003 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | | 01-31-2003 | $0.00 |
| 670 | Payment Levy | | 11-06-2003 | -$11,222.24 |
| 670 | Payment Levy | | 11-26-2003 | -$12,074.63 |
| 670 | Payment Levy | | 11-26-2003 | -$116.10 |
| 160 | Penalty for filing tax return after the due date | 20035208 | 01-05-2004 | $870.00 |
| 290 | Additional tax assessed | 20035208 | 01-05-2004 | $17,408.00 |
| | 19254-746-67315-3 | | | |
| 670 | Payment Levy | | 01-05-2004 | -$2,610.21 |
| 582 | Lien placed on assets due to balance owed | | 02-06-2004 | $0.00 |
| 670 | Payment Levy | | 02-05-2004 | -$2,610.21 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 02-03-2004 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 02-06-2004 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 02-06-2004 | $0.00 |
| 360 | Fees and other expenses for collection | | 03-08-2004 | $64.00 |
| 670 | Payment Levy | | 03-03-2004 | -$2,610.21 |
| 670 | Payment | | 04-05-2004 | -$2,610.21 |

Levy

| | | | | |
|---|---|---|---|---|
| 670 | Payment Levy | | 04-08-2004 | -$4,700.00 |
| 670 | Payment Levy | | 04-27-2004 | -$4,041.64 |
| 670 | Payment Levy | | 05-05-2004 | -$3,638.31 |
| 670 | Payment Levy | | 05-05-2004 | -$2,610.21 |
| 670 | Payment Levy | | 06-03-2004 | -$2,610.21 |
| 670 | Payment Levy | | 06-03-2004 | -$4,700.00 |
| 670 | Payment Levy | | 07-06-2004 | -$4,700.00 |
| 670 | Payment Levy | | 07-08-2004 | -$2,610.21 |
| 670 | Payment Levy | | 08-05-2004 | -$4,700.00 |
| 670 | Payment Levy | | 08-09-2004 | -$2,610.21 |
| 670 | Payment Levy | | 09-03-2004 | -$2,610.21 |
| 670 | Payment Levy | | 09-07-2004 | -$4,700.00 |
| 670 | Payment Levy | | 10-05-2004 | -$2,610.21 |
| 670 | Payment Levy | | 10-14-2004 | -$4,700.00 |
| 670 | Payment Levy | | 11-04-2004 | -$2,610.21 |
| 670 | Payment Levy | | 11-08-2004 | -$4,700.00 |
| 670 | Payment Levy | | 11-29-2004 | -$4,700.00 |
| 670 | Payment Levy | | 12-06-2004 | -$2,610.21 |
| 670 | Payment Levy | | 12-30-2004 | -$4,700.00 |
| 670 | Payment Levy | | 01-05-2005 | -$2,610.21 |
| 670 | Payment Levy | | 02-03-2005 | -$2,610.21 |

| 670 | Payment<br>Levy | | 03-08-2005 | -$2,610.21 |
|---|---|---|---|---|
| 670 | Payment<br>Levy | | 04-04-2005 | -$2,610.21 |
| 706 | Credit transferred in from<br>1040 200312 | | 04-15-2004 | -$339.04 |
| 670 | Payment<br>Levy | | 05-02-2005 | -$244.00 |
| 670 | Payment<br>Levy | | 05-06-2005 | -$2,610.21 |
| 670 | Payment<br>Federal Tax Lien | | 05-06-2005 | -$336,408.17 |
| 670 | Payment<br>Federal Tax Lien | | 05-25-2005 | -$417,947.38 |
| 670 | Payment<br>Levy | | 06-06-2005 | -$2,610.21 |
| 670 | Payment<br>Levy | | 07-11-2005 | -$2,610.21 |
| 670 | Payment<br>Levy | | 08-03-2005 | -$250,000.00 |
| 670 | Payment<br>Levy | | 08-03-2005 | -$75,000.00 |
| 670 | Payment<br>Levy | | 08-03-2005 | -$6,000.00 |
| 670 | Payment<br>Levy | | 08-05-2005 | -$2,610.21 |
| 670 | Payment<br>Levy | | 08-31-2005 | -$2,610.21 |
| 706 | Credit transferred in from<br>1040 200412 | | 04-15-2005 | -$35,821.00 |
| 276 | Penalty for late payment of tax | 20054008 | 10-17-2005 | $257,092.15 |
| 670 | Payment<br>Levy | | 10-05-2005 | -$2,610.21 |
| 277 | Reduced or removed penalty for late payment of<br>tax | | 10-31-2005 | -$26.10 |
| 706 | Credit transferred in from<br>1040 200212 | | 10-17-2005 | -$33,665.68 |
| 706 | Credit transferred in from<br>1040 200212 | | 04-15-2005 | -$17,408.00 |
| 736 | Interest credited to your account<br>1040 200212 | | 10-17-2005 | -$1,055.61 |
| 706 | Credit transferred in from<br>1040 200212 | | 10-17-2005 | -$18,556.96 |
| 706 | Credit transferred in from<br>1040 200312 | | 04-15-2004 | -$17,408.00 |
| 736 | Interest credited to your account<br>1040 200312 | | 10-17-2005 | -$625.95 |
| 470 | Claim pending | | 01-22-2007 | $0.00 |
| 420 | Examination of tax return | | 09-27-2007 | $0.00 |

| 300 | Additional tax assessed by examination | 20074208 | 10-29-2007 | $0.00 |
| | 49247-682-00166-7 | | | |
| 421 | Closed examination of tax return | | 10-29-2007 | $0.00 |
| 420 | Examination of tax return | | 11-02-2007 | $0.00 |
| 530 | Balance due account currently not collectable | | 03-04-2008 | $0.00 |
| 300 | Additional tax assessed by examination | 20081208 | 03-31-2008 | $0.00 |
| | 19247-467-10029-8 | | | |
| 582 | Lien placed on assets due to balance owed | | 07-25-2008 | $0.00 |
| 360 | Fees and other expenses for collection | | 08-18-2008 | $94.00 |
| 971 | Undeliverable notice of lien filing and right to Collection Due Process hearing | | 08-19-2008 | $0.00 |
| 971 | Notice issued CP 071A | | 10-19-2009 | $0.00 |
| 531 | Account currently considered collectable | | 03-29-2010 | $0.00 |
| 670 | Payment Levy | | 05-28-2010 | -$335.79 |
| 670 | Payment Levy | | 08-31-2010 | -$800.00 |
| 670 | Payment Levy | | 10-01-2010 | -$800.00 |

This Product Contains Sensitive Taxpayer Data

Internal Revenue Service

| This Product Contains Sensitive Taxpayer Data |
|---|

## Account Transcript

Request Date: 10-20-2010
Response Date: 10-20-2010
Tracking Number: 100082104394

FORM NUMBER: 1040                    TAX PERIOD: Dec. 31, 2001

TAXPAYER IDENTIFICATION NUMBER:
SPOUSE TAXPAYER IDENTIFICATION NUMBER:

PATRICK J & ELIZABETH HANNON
177 THRUSH RD
ACTON, ME 04001-5438-771

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                 3,200,668.19
ACCRUED INTEREST:                1,706,851.25   AS OF: Nov. 01, 2010
ACCRUED PENALTY:                         0.00   AS OF: Nov. 01, 2010

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):   4,907,519.44

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                        05 FILING STATUS: Married Filing Joint
ADJUSTED
GROSS INCOME:                    6,213,758.00
TAXABLE INCOME:                  6,191,310.00
TAX PER RETURN:                  2,392,845.00
SE TAXABLE
INCOME TAXPAYER:                         0.00
SE TAXABLE
INCOME SPOUSE:                           0.00
TOTAL SELF
EMPLOYMENT TAX:                          0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)     Oct. 31, 2002
PROCESSING DATE                                                  Dec. 02, 2002

| TRANSACTIONS |
|---|

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 20024708 | 12-02-2002 | $2,392,845.00 |
|  | 08221-306-28622-2 |  |  |  |
| 806 | W-2 or 1099 withholding |  | 04-15-2002 | -$37,238.00 |

| 960 | Appointed representative | | 03-15-2002 | $0.00 |
|---|---|---|---|---|
| 460 | Extension of time to file ext. Date 08-15-2002 | | 04-15-2002 | $0.00 |
| 460 | Extension of time to file ext. Date 10-15-2002 | | 04-15-2002 | $0.00 |
| 170 | Penalty for not pre-paying tax | 20024708 | 12-02-2002 | $60,063.00 |
| 166 | Penalty for filing tax return after the due date | 20024708 | 12-02-2002 | $106,002.31 |
| 276 | Penalty for late payment of tax | 20024708 | 12-02-2002 | $94,224.28 |
| 196 | Interest charged for late payment | 20024708 | 12-02-2002 | $92,000.53 |
| 971 | Tax period blocked from automated levy program | | 02-17-2003 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 02-07-2003 | $0.00 |
| 360 | Fees and other expenses for collection | | 03-03-2003 | $69.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 09-12-2003 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 09-12-2003 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 09-15-2003 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 09-15-2003 | $0.00 |
| 670 | Payment Levy | | 01-15-2004 | -$1,820.64 |
| 276 | Penalty for late payment of tax | 20054008 | 10-17-2005 | $494,522.71 |
| 971 | Amended tax return or claim forwarded for processing | | 09-16-2005 | $0.00 |
| 977 | Amended return filed | | 09-16-2005 | $0.00 |
| | 08277-679-00358-5 | | | |
| 470 | Claim pending | | 01-22-2007 | $0.00 |
| 420 | Examination of tax return | | 09-27-2007 | $0.00 |
| 300 | Additional tax assessed by examination | 20074208 | 10-29-2007 | $0.00 |
| | 49247-682-00167-7 | | | |
| 421 | Closed examination of tax return | | 10-29-2007 | $0.00 |
| 420 | Examination of tax return | | 11-02-2007 | $0.00 |
| 530 | Balance due account currently not collectable | | 03-04-2008 | $0.00 |
| 300 | Additional tax assessed by examination | 20081208 | 03-31-2008 | $0.00 |
| | 19247-467-10030-8 | | | |
| 582 | Lien placed on assets due to balance owed | | 07-25-2008 | $0.00 |
| 971 | Undeliverable notice of lien filing and right to Collection Due Process hearing | | 08-19-2008 | $0.00 |
| 971 | Notice issued CP 071A | | 10-19-2009 | $0.00 |
| 531 | Account currently considered collectable | | 03-29-2010 | $0.00 |

This Product Contains Sensitive Taxpayer Data

MIDDLESEX SUPERIOR COURT

DISTRICT OF MASSACHUSETTS



PATRICK J. HANNON

    vs.

CITY OF NEWTON                    DOCKET NO. 08-4163

### DECLARATION OF DEBT

I, John D. Carroll, declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the following is true and correct to the best of my knowledge:

1.  That I am an Advisor in the Advisory Group, Internal Revenue Service, 380 Westminster Street, Providence, RI, and have knowledge of the outstanding tax liability of Patrick J. Hannon and am authorized to make this declaration.

2.  That the debtor, Patrick J. Hannon, is liable for unpaid Federal Income Tax for the years ended 12/31/1999, 12/31/2000, 12/31/2001 and for Trust Fund Recovery Penalty Liabilities for the periods ended 03/31/2007, 06/30/2007, 09/30/2007, 09/30/2008, 12/31/2008 and 03/31/2009.

| Tax | Period | Date Assessed | Assessed Balance $ | Accrued Interest and Penalty $ | Balance Due 11/05/2010 $ |
|-----|--------|---------------|--------------------|--------------------------------|--------------------------|
| 1040 | 12/31/99 | 12/24/2001 | 371,721.46 | 1,081,946.35 | 1,453,667.81 |
| 1040 | 12/31/00 | 12/17/2001 | 25,302.22 | 922,249.98 | 947,552.20 |
| 1040 | 12/31/01 | 12/02/2002 | 2,519,950.67 | 2,389,750.39 | 4,909,671.06 |
| 6672 | 03/31/07 | 05/12/2008 | 0.00 | 301.97 | 301.97 |
| 6672 | 06/30/07 | 05/12/2008 | 11,466.14 | 1,358.93 | 12,825.07 |
| 6672 | 09/30/07 | 05/12/2008 | 11,002.28 | 1,303.98 | 12,306.26 |
| 6672 | 09/30/08 | 10/12/2009 | 2,236.84 | 97.42 | 2,334.26 |
| 6672 | 12/31/08 | 10/12/2009 | 1,838.87 | 80.09 | 1,918.96 |
| 6672 | 03/31/09 | 10/12/2009 | 2,684.50 | 116.91 | 2,801.41 |

3.   That the total sum of the above outstanding tax and interest pursuant to U.S.C. Section 6332(d)(2) is $7,343,379.00.


4. That additional interest will accrue after November 5, 2010, at the rate specified by Internal Revenue Code Sections 6621 and 6622.

John D. Carroll, Advisor
Badge 05-02132

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUPERIOR COURT

|   |   |
|---|---|
| PATRICK J. HANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2008-4163 |
| ) | |
| CITY OF NEWTON, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| and RITA S. MANNING, ) | |
| ) | |
| Intervenors. ) | |
| ) | |

### UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION

The United States of America, having moved to intervene in Civil Action No. 2008-4163

under Mass. R. Civ. P. 24(a) and 26 U.S.C. § 7424, pursuant to the provisions of 26 U.S.C.

§§ 7401, 7403, and 7424, brings this Complaint in Intervention to enforce federal tax liens with

respect to a judgment in the amount of $420,000.00 plus interest in the amount of $31,245.72

owing to Patrick J. Hannon in the above-captioned case, which is currently being held by this

Court. In support of its Complaint, the United States alleges as follows:

*Jurisdiction and Parties*

1.      Pursuant to 26 U.S.C. § 7401, this complaint has been authorized and sanctioned by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States of America.

2.      The Commonwealth of Massachusetts, an intervenor, may claim an interest in the judgment proceeds.

3.      Rita S. Manning, an intervenor, may claim an interest in the judgment proceeds.

4.      Plaintiff Patrick J. Hannon may claim an interest in the judgment proceeds.

*The Federal Tax Liens at Issue*

5.      A delegate of the Secretary of the Treasury made assessments for income taxes, penalties, and interest against Patrick J. Hannon and his wife, Elizabeth Hannon, jointly and severally, on the dates and for the tax periods below, with the following total balances due, after all credits, payments, abatements, and accruals as of November 5, 2010.

| Tax Period Ending | Assessment Dates | Assessment Type | Assessment Amounts | Amount due as of 11/05/2010 |
|---|---|---|---|---|
| 12/31/1999 | 12/24/2001 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Late Payment Penalty<br>Interest | $1,370,565.00<br>$5,489.00<br>$227,854.35<br>$106,332.03<br>$174,890.08 | |
| | 10/17/2005 | Late Payment Penalty | $131,397.04 | $1,453,667.81 |

| 12/31/2000 | 12/17/2001 | Tax | $1,275,665.00 | |
| | | Estimated Tax Penalty | $57,400.00 | |
| | | Late Filing Penalty | $55,689.34 | |
| | | Late Payment Penalty | $55,689.34 | |
| | | Interest | $63,158.48 | |
| | 12/24/2001 | Interest | $1,973.86 | |
| | 01/05/2004 | Tax | $17,408.00 | |
| | | Late Filing Penalty | $870.00 | |
| | 10/17/2005 | Late Payment Penalty | $257,092.15 | $947, 552.20 |
| 12/31/2001 | 12/02/2002 | Tax | $2,392,845.00 | |
| | | Estimated Tax Penalty | $60,063.00 | |
| | | Late Filing Penalty | $106,002.31 | |
| | | Late Payment Penalty | $94,224.28 | |
| | | Interest | $92,000.53 | |
| | 10/17/2005 | Late Payment Penalty | $494,522.71 | $4,909,671.06 |
| **Total** | --- | --- | --- | $7,311,890.07 |

6.      A delegate of the Secretary of the Treasury properly issued notices of the tax assessments described in ¶ 5, above, to Patrick J. Hannon and made demands for payment to Patrick J. Hannon.

7.      Despite the notices of the tax assessments and demands for payment, Patrick J. Hannon has failed, neglected, or refused to pay in full the assessments listed in ¶ 5, above, and there remains due and owing $7,311,890.07, plus statutory additions and interest according to law from November 5, 2010.

*The Judgment Proceeds in Dispute*

8.      On November 10, 2008, plaintiff Patrick J. Hannon filed this lawsuit against the City of Newton, challenging the amount of compensation paid to him by the city for its taking of his real property under the power of eminent domain.

9.      On May 14, 2010, the Commonwealth of Massachusetts, Department of Revenue, filed a motion to intervene in this case.  On June 24, 2010, the Massachusetts Department of

-3-

Revenue sent two Notices of Levy to the City of Newton, seeking to collect the taxes of Patrick J. Hannon.

10.     On May 14, 2010, Rita S. Manning filed a motion to intervene in this case.

11.     On May 19, 2010, the Internal Revenue Service (IRS) served a notice of levy on the City of Newton to attach any judgment that Mr. Hannon may be awarded in connection with this litigation.

12.     On July 6, 2010, this Court entered judgment in favor of Mr. Hannon and against the city in the amount of $420,000.00 plus interest in the amount of $31,245.72.

13.     On September 14, 2010, the City of Newton filed a Motion for Leave to Pay Judgment Amount Into Court, noting that the IRS, the Massachusetts Department of Revenue and Rita S. Manning all claimed interests in the judgment proceeds.  The Court granted the motion on September 23, 2010.

*Attachment and Enforcement of the Federal Tax Liens*

14.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments of the taxes set forth in ¶ 5, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Patrick J. Hannon, including any interest in the cause of action described in ¶ 8, above, and those liens continue until the liens either are satisfied or become unenforceable.

15.     A delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien (NFTL) against Patrick J. Hannon and Elizabeth Hannon for their federal income tax liabilities for the years 1999 and 2000 at the South Middlesex County Registry of Deeds on February 8, 2003, at Book 37941, Page 130.  A delegate of the Secretary of the Treasury recorded another

NFTL against Patrick J. Hannon and Elizabeth Hannon for their 1999 and 2000 federal income

tax liabilities at the South Middlesex County Registry of Deeds on February 23, 2004, at Book

42081, Page 591. A delegate of the Secretary of the Treasury recorded an NFTL against Patrick

J. Hannon and Elizabeth Hannon for their federal income tax liabilities for the year 2001 at the

South Middlesex County Registry of Deeds on February 15, 2003, at Book 38015, Page 259.

16.     A delegate of the Secretary of the Treasury recorded an NFTL against Patrick J.

Hannon and Elizabeth Hannon for their federal income tax liabilities for the years 1999 and 2000

at the United States District Court in Boston on January 24, 2003. A delegate of the Secretary of

the Treasury recorded another NFTL against Patrick J. Hannon and Elizabeth Hannon for their

2000 federal income tax liabilities at the United States District Court in Boston on February 6,

2004. A delegate of the Secretary of the Treasury recorded an NFTL against Patrick J. Hannon

and Elizabeth Hannon for their federal income tax liabilities for the year 2001 at the United

States District Court in Boston on February 5, 2003.

17.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens with

respect to the judgment proceeds and to have those proceeds applied toward the tax liabilities set

forth in ¶ 5, above.

***Other Claims to the Judgment Proceeds***

18.     The Commonwealth of Massachusetts, Department of Revenue has or may claim

an interest in the judgment proceeds based upon its tax assessments against Patrick J. Hannon.

19.     Rita S. Manning has or may claim an interest in the judgment proceeds based

upon her judgment against Patrick J. Hannon dated March 17, 2005.

20.     Patrick J. Hannon has or may claim an interest in the judgment proceeds.

-5-

WHEREFORE, the United States requests that this Court:

(a)     Determine and adjudge that the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Patrick J. Hannon, including the judgment proceeds;

(b)     Order that the entirety of the judgment proceeds described in ¶ 12, above, be paid to the United States for application toward the unpaid federal income tax liabilities of Patrick J. Hannon, as set forth in ¶ 5, above, in accordance with the lawful priorities of the parties; and

(c)     Award the United States its costs and such further relief as the Court deems just and proper.

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*Edward J Murphy*

EDWARD J. MURPHY (BBO 669265)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6064
Email: Edward.J.Murphy@usdoj.gov

Dated: November 5, 2010

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                  SUPERIOR COURT

```
                                    )
PATRICK J. HANNON,                  )
                                    )
          Plaintiff,                )
                                    )
    v.                              )        Civil Action No. 2008-4163
                                    )
CITY OF NEWTON,                     )
                                    )
          Defendant,                )
                                    )
and                                 )
                                    )
UNITED STATES OF AMERICA,           )
COMMONWEALTH OF MASSACHUSETTS,      )
and RITA S. MANNING,                )
                                    )
          Intervenors.              )
                                    )
```

## ORDER

Upon the *United States' Motion To Intervene*, the United States of America having shown

that it meets the requirements to intervene as a party pursuant to Mass. R. Civ. P. 24(a) and/or

26 U.S.C. § 7424, IT IS ORDERED that the United States may file its Complaint in Intervention

and that the Commonwealth of Massachusetts, Rita S. Manning, and Patrick J. Hannon must

respond to that complaint in accordance with Mass. R. Civ. P. 12.

Dated:_____            _____
                                       Massachusetts Superior Court Justice

# MacLean Holloway Doherty
# Ardiff & Morse, P.C.
## Attorneys at Law

8 Essex Center Drive
PEABODY, MA  01960

(978) 774-7123
FAX (978) 774-7164
www.mhdpc.com

Malcolm F. MacLean III
Robert L. Holloway, Jr.
Daniel W. Doherty
Kathleen P. Dwyer
William H. Sheehan III
John E. Bradley
Jeffrey C. Doherty
Priscilla A. Malboeuf
Thomas J. Flannagan
Robin Stein
Peter C. Nechtem

Of Counsel:
Stephen S. Clark
Ralph E. Ardiff, Jr.
George E. Morse
Robin M. Blake

CAMBRIDGE OFFICE:
43 THORNDIKE STREET
CAMBRIDGE, MA  02141

November 22, 2010

Edward J. Murphy, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055

RE:   Hannon v. Newton
       Middlesex County Superior Court, Civil Action Number MICV2008-04163

Dear Attorney Murphy:

Pursuant to Superior Court Rule 9A, enclosed please find the following:

(1)   Original and a copy of Rita S. Manning's Opposition to United States' Motion to Intervene;

(2)   Original and a copy of Memorandum of Law in Support of Rita S. Manning's Opposition to United States' Motion to Intervene; and

(3)   Original and a copy of certificate of service.

Please contact me with any questions.  Thank you.

Very truly yours,

Thomas J. Flannagan

Enclosures
Cc:   Atty. Joel Faller
       Atty. Donnalyn B. Lynch-Kahn
       Atty. Eileen Ryan McAuliffe

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER:  08-4163

PATRICK J. HANNON,            )
                 Plaintiff    )
                              )
v.                           )
                              )
CITY OF NEWTON,              )
                 Defendant    )

## RITA S. MANNING'S OPPOSITION TO UNITED STATES' MOTION TO INTERVENE

Rita S. Manning III a/k/a Rita S. Manning ("Manning"), by and through her attorney,

opposes the Motion to Intervene of the United States pursuant to Mass.R.Civ.P. 24(a) and 26

U.S.C. § 7424. As grounds for this Opposition, Manning states that the United States' motion is

untimely, coming over four months after judgment entered in this Action. Additionally, the

United States' Motion to Intervene does not satisfy the requirements of Mass.R.Civ.P. 24(a).

As further grounds for this Opposition, Manning incorporates by reference the attached

Memorandum of Law.

Respectfully submitted,

RITA S. MANNING,

By Her Attorney,

Thomas J. Flannagan, BBO #564328
McLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA  01960
(978) 774-7123

Date:  November 22, 2010

### Certificate of Service

I, Thomas J. Flannagan, attorney for the Plaintiff, hereby certify that on November 22, 2010, I caused the original and a copy of the foregoing to be served, via first class mail, upon Edward J. Murphy, Esq., Trial Attorney, Tax Division, U.S. Department of Justice, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044-0055; and a copy of same upon each of the following counsel: Attorney Joel E. Faller, Law Offices of The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108; and Atty. Donalyn B. Lynch Kahn, City of Newton Law Department, 1000 Commonwealth Avenue, Newton, MA 02459; and Atty. Eileen Ryan McAuliffe, Massachusetts Department of Revenue, 100 Cambridge Street, 7th Floor, P.O. Box 9565, Boston, MA 02114.

_____
Thomas J. Flannagan

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER:  08-4163

PATRICK J. HANNON,                    )
                 Plaintiff    )
                           )
v.                                                   )
                           )
CITY OF NEWTON,                      )
              Defendant    )

## MEMORANDUM OF LAW IN SUPPORT OF
## RITA S. MANNING'S OPPOSITION TO UNITED STATES' MOTION TO INTERVENE

### I.    Introduction

Having been paid over $57,000.00 at the time of the eminent domain taking by Defendant

City of Newton ("Newton") of Plaintiff Patrick J. Hannon's ("Hannon") property, having

discharged its Federal tax lien as to that property, having received notice of Hannon's filing of

this Action for damages from Newton's taking, and having waited over four months after

Hannon obtained a judgment against Newton in the amount of $451,245.72 and Newton's

payment of that amount into this Court, the United States of America ("IRS") now wishes to

intervene and then remove this action to the United States District Court.

The IRS's eleventh-hour attempt to claim all of the judgment for itself is untimely under

Mass.R.Civ.P. 24.  Moreover, the IRS does not have a compelling interest in the proceeds and

has not satisfied the additional requirements of Rule 24.  For the reasons stated herein, the IRS's

Motion to Intervene should be denied.

### II.    Background

The IRS assessed income taxes, penalties, and interest against Hannon at various times

from December 24, 2001 through October 17, 2005.  The IRS also recorded its Federal tax liens

against real property owned by Hannon including, but not limited to, the property that is the subject of this Action – 20 Rogers Street, Newton, Massachusetts ("20 Rogers Street"). On or about May 9, 2007, the IRS received notice of Newton's eminent domain taking of 20 Rogers Street. On July 17, 2007, in return for payment of $57,214.55 out of the *pro tanto* paid by Newton for the taking, the IRS discharged the Federal tax lien recorded against 20 Rogers Street. **Exhibit 1 – Certificate of Discharge of Property From Federal Tax Lien.**

On or about November 10, 2008, Hannon commenced this Action against Newton seeking damages for the taking beyond the $2,300,000.00 *pro tanto* paid at the time of the taking. Upon information and belief, Hannon and/or Newton notified the IRS of the commencement of this Action. On May 14, 2010, Manning filed a motion to intervene, which was allowed by this Court on May 20, 2010.

Hannon and Newton tried this case to a jury, which rendered its verdict in Hannon's favor on June 23, 2010. On July 6, 2010, this Court entered judgment in Hannon's favor in the amount of $420,000.00 plus interest in the amount of $31,245.72. On September 15, 2010, Newton filed a "Motion for Leave to Pay Judgment Amount Into Court", which this Court allowed on September 23, 2010. On October 4, 2010, Newton paid the judgment proceeds into this Court, pursuant to the prior order.

On November 8, 2010, more than four months after judgment entered, the IRS served its current Motion to Intervene.

III.    Argument

A.    Standard of Review Pursuant to Mass.R.Civ.P. 24(a)

The United States has brought its Motion pursuant to Mass.R.Civ.P. 24(a).  That Rule states the following:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the Commonwealth confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"A judge has broad discretion in deciding whether to permit intervention."  Cruz Management, Inc. v. Thomas, 417 Mass. 782, 785 (1994).  The timeliness of a motion to intervene turns in part on: "(1) whether the applicant had the opportunity to intervene at an earlier stage of the litigation; (2) whether delay engendered by intervention at the particular stage of litigation will prejudice existing parties; and (3) the applicant's particular need to intervene." Corcoran v. Wigglesworth Machinery Company, 389 Mass. 1002, 1003 (1983).

"[M]otions to intervene *after* judgment are seldom 'timely'."  McDonnell v. Quirk, 22 Mass.App.Ct. 126, 132 (1986).  In order for such motions to be allowed "[t]he party seeking intervention ... must establish a compelling interest in the litigation and must justify its failure to intervene at an earlier stage of the action." Cruz, *supra*, 417 Mass. at 785.  *See also* Motor Club of America Ins. Co. v. McCroskey, 9 Mass.App.Ct. 185, 188 (1980)(An intervenor must demonstrate a strong justification for intervention after judgment).

**B.**   **The IRS Has Not Satisfied the Requirements for Intervention Pursuant to Mass.R.Civ.P. 24(a)**

**1.**   **There is No Justification for the IRS's Failure to Intervene Earlier in This Action**

The IRS knew about this Action at the outset, having been notified of same by Hannon and/or Newton. Despite that knowledge, the IRS chose not to seek to intervene, even though it claims that its alleged lien is senior to all others. The reason appears obvious – the IRS had already discharged its tax lien back in July of 2007 after it received payment for same totaling over $57,000.00. *See* **Exhibit 1.**

The IRS waited until judgment entered and the proceeds were paid into Court before attempting to intervene here. The IRS provides no reason for this delay, and its failure to do so is alone sufficient grounds for this Court to deny the IRS's current Motion.

**2.**   **The IRS Has Not Shown a Compelling Interest in This Case and Has no Need to Intervene**

The IRS's claim to an interest in Hannon's chose in action and in the judgment proceeds of same is unavailing. The longstanding law of this Commonwealth is that "compensation paid for land taken by the exercise of the power of eminent domain in equity represents the land and is subject to all the rights of persons who had rights in the land…" Cornell-Andrews Smelting Company v. Boston and Providence Railroad Corporation, 209 Mass. 298, 307 (1911). In other words, the money paid for land taken by eminent domain stands in its place, subject to the same ultimate disposition based on the priority of claims against the land. *See* Holland v. Cruft, 69 Mass. 162, 180 (1855).

When Newton's order of taking (*See* **Exhibit 2**) was recorded at the Middlesex Registry of Deeds on May 9, 2007, fee simple title to 20 Rogers Street vested in Newton. Mass.Gen.Laws c. 79, § 3. The IRS discharged its tax lien on 20 Rogers Street. *See* **Exhibit 1.** Manning's

4

execution, which was recorded on June 28, 2005, was not discharged. Because the judgment proceeds stand in the place of that real property, the IRS's lien discharge applies equally to those proceeds. In other words, that lien is not attached to the proceeds, and what remains, in terms of priority, are the claims by the Massachusetts Department of Revenue and Manning. [1] Accordingly, the IRS has no compelling interest in the funds and should not be permitted to intervene to claim such and interest.

### 3.   Manning's Rights Will be Prejudiced if the IRS is Permitted to Intervene Now

Permitting the IRS to intervene now would cause significant prejudice to Manning. Until now, the IRS has shown no interest in this case. Manning, on the other hand, timely intervened prior to the entry of judgment and has been, through her attorney, attempting to negotiate a distribution of the judgment proceeds with the other parties, including the Massachusetts Department of Revenue and Hannon's counsel. Those negotiations have been conducted with the understanding that the IRS had no interest in the proceeds given both its discharge of its tax lien and its failure to attempt to intervene or otherwise notify the parties of its claimed interest. Allowing the IRS to enter this case would scuttle those negotiations.

Additionally, the IRS fails to point out in its Motion that it will immediately seek to remove this case to the United States District Court, something which its counsel has told counsel for the other parties. Putting aside the question of whether the IRS can do so given the fact that this eminent domain action is strictly a state concern, removal would greatly increase Manning's litigation expenses and delay her ability to collect on her outstanding judgment and execution.

---

[1] The Massachusetts Department of Revenue has also asserted a lien against the judgment proceeds, and it and Manning had been negotiating a distribution of those proceeds among them when the IRS re-appeared on the scene.

IV.   **Conclusion**

For the reasons set forth herein, Manning respectfully requests that this Court deny the

IRS's Motion to Intervene.


Respectfully submitted,

RITA S. MANNING,

By Her Attorney,

_____

Thomas J. Flannagan, BBO #564328
MacLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA   01960
Date:   November 22, 2010   (978) 774-7123

**Certificate of Service**

I, Thomas J. Flannagan, attorney for the Plaintiff, hereby certify that on November 22, 2010, I caused the original and a copy of the foregoing to be served, via first class mail, upon Edward J. Murphy, Esq., Trial Attorney, Tax Division, U.S. Department of Justice, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044-0055; and a copy of same upon each of the following counsel: Attorney Joel E. Faller, Law Offices of The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108; and Atty. Donalyn B. Lynch Kahn, City of Newton Law Department, 1000 Commonwealth Avenue, Newton, MA 02459; and Atty. Eileen Ryan McAuliffe, Massachusetts Department of Revenue, 100 Cambridge Street, 7th Floor, P.O. Box 9565, Boston, MA 02114.

_____

Thomas J. Flannagan

6





Department of the Treasury-Internal Revenue Service
### CERTIFICATE OF DISCHARGE OF PROPERTY FROM FEDERAL TAX LIEN
(Under Section 6325(b)(2)(A) of the Internal Revenue Code)

WHEREAS, Patrick J & Elizabeth Hannon, of 21 Floral Street, Newton, MA 02161 is/are indebted to the United States for unpaid internal revenue tax, as evidenced by:

| Notice of Federal Tax Lien Serial Number (A) | Recording Information (B) | Date Recorded (C) | Taxpayer Identification Number (D) | Amount Shown on Lien (E) |
|---|---|---|---|---|
| 40318073 | Book: 37941 Page: 130 | 02-08-2003 | | $2,739,256.88 |
| 40318586 | Book: 38015 Page: 259 | 02-15-2003 | | $2,707,897.12 |
| 156245104 | Book: 42081 Page: 591 | 02-23-2004 | | $17,408.00 |

WHEREAS, to secure the collection of said tax, notice of the lien of the United States, attaching to all the property and rights to property of the said taxpayer on account of said tax indebtedness, was filed with the Registry of Deeds, Southern Middlesex, State of Massachusetts in accordance with the applicable provisions of law.

WHEREAS, the lien of the United States, listed above, for said tax has attached to certain property described as:

20 Rogers Street, Newton, MA

A certain parcel of land more fully described at the Registry of Deeds, Southern Middlesex, State of Massachusetts in Book 36209, Page 187.

WHEREAS, the Area Director of Internal Revenue has determined that the value of the interest of the United States in the foregoing property, under and by virtue of its aforesaid tax lien, amounts to the sum of $57,214.55. In addition, under the provisions of section 6325(d)(2), the United States subordinates its tax lien to all reasonable and necessary expenses incurred in connection with the sale of the property or administration of the sale proceeds and any interest I have determined will increase the amount realized and facilitate collection of the tax liability. I have, therefore authorized the issuance, under the provisions of section 6325(b)(2)(A) of the Internal Revenue Code, of a certificate discharging the above-described property from the tax lien of the United States upon the payment of the sum of $57,214.55 to be applied in part satisfaction of the liability in respect of the tax hereinbefore stated which sum has been paid to be so applied, and the receipt of which sum by me is hereby acknowledged;

NOW, THEREFORE, THIS INSTRUMENT WITNESSETH, that I, Rebecca A. Chiaramida, Collection Area Director, North Atlantic Area of the Internal Revenue Service, charged by law with the duty of collecting and enforcing the collection of internal revenue taxes due to the United States, and charged with the assessment hereinbefore stated, do, pursuant to the provisions of section 6325(b)(2)(A) of the Internal Revenue Code, discharge the property heretofore described from the aforesaid tax lien, saving and reserving, however, the force and effect of said tax lien against and upon all other property or rights to property to which said lien is attached, wheresoever situated.

WITNESS my hand at Boston, Massachusetts, on May 4, 2007.

REBECCA A. CHIARAMIDA
Collection Area Director

By: _____
A.J. Behrle, Jr.
Manager
Technical Services Group

2007 00131969
Bk: 49790 Pg: 250   Doc: FTAXI
Page: 1 of 1   07/17/2007 02:27 PM

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

Gena C. Breen
_____ S. Register

Registry of Deeds



Bk: 49418 Pg: 163

88-07 & 88-07(2)

## CITY OF NEWTON

### IN BOARD OF ALDERMEN

May 7, 2007



Bk: 49418 Pg: 163  Doc: TAKE
Page: 1 of 2   05/08/2007 10:17 AM

### EMERGENCY PREAMBLE

WHEREAS, it is the opinion of the Board of Aldermen that the following measure constitutes an Emergency Measure under Section 2-9(b) of the Charter of the City of Newton due to the fact that a safety emergency exists: specifically, that the existing retaining wall at 20 Rogers Street is unstable, causing a public safety risk to swimmers and other members of the public who have access to the City's beach area located in front of the retaining wall; and that upon the City's acquisition of said property pursuant to the following order, the City's Public Works Department intends to enter the property and abate the safety risk;

THEREFORE, the following measure shall be and hereby is adopted as an Emergency Measure which shall take effect immediately upon adoption.

### ORDER OF TAKING

WHEREAS, upon the recommendation of the Community Preservation Committee and His Honor the Mayor, and in the opinion of the Board of Aldermen of the City of Newton, the public necessity and convenience require the acquisition by eminent domain of the parcel of land, together with improvements thereon, known as 20 Rogers Street ("the Parcel"); and

WHEREAS, the Parcel consists of 44,449 square feet, as shown as Lot B1 on a plan entitled, "Plan of Land in Newton, Mass." dated July 13, 1950, by Henry F. Bryant & Son, Engineers, recorded with the Middlesex, South, Registry of Deeds at Book 7616 Book 159, being the same premises conveyed in a deed dated July 24, 2002 from Joseph Wm. Viola and Virginia G. Viola to Patrick J. Hannon, recorded with said Registry at Book 36206 Page 167; and

WHEREAS, the City has authorized and received an independent professional appraisal of the value of the Parcel; and

WHEREAS, the Community Preservation Committee has determined that acquisition of the Parcel, which borders Crystal Lake, a Great Pond, constitutes acquisition of land for recreational use; and the Board of Aldermen hereby approves expenditure of Community Preservation funding for such purpose;

THEREFORE, by vote of the Board of Aldermen, acting on behalf of the City of Newton under chapter Chapter 79 of the Massachusetts General Laws, it is hereby

A True Copy
Attest

City Clerk of Newton, Mass.

**RECEIVED**

MAY 0 8 2007

**MAYOR'S OFFICE**

Return to:
City of Newton Law Department
1000 Commonwealth Ave, Newton MA 02459

Bk: 49418 Pg: 164

88-07 & 88-07(2)
Page 2

ORDERED:   That the Parcel be and hereby is taken in fee, together with all rights, title and interest in the Parcel. So far as is known to the Board, the owner and mortgagee for the Parcel are as follows:

Record Owner:   Patrick J. Hannon
                Bk 36209 Pg 167

Mortgagee:   Merrill Lynch Credit Corp.
             Bk 36209 Pg 169; Bk 44823 Pg 529; Bk 48691 Pg 260

In accordance with General Laws Chapter 79, it is further.

ORDERED:   That upon the recommendation of the Community Preservation Committee and His Honor the Mayor, the award of damages in the amount of Two Million Three Hundred Thousand Dollars ($2,300,000) is hereby made as a result of this eminent domain taking, to be paid to the persons entitled thereto; and the expenditure therefor by the Director of Planning and Development is authorized and approved; and it is further

ORDERED:  That in accordance with General Laws chapter 79 section 1, the trees upon and structures affixed to said land are hereby included as part of this taking; and it is further

ORDERED:  That the Parcel is taken for recreational use; and that custody and management of the Parcel is hereby assigned to the Parks & Recreation Department; and it is further

ORDERED:  That for the purpose of paying costs of acquiring the property located at 20 Rogers Street for passive recreational uses, and more formally described as Section Block Lot # 62001 0002 on the records of the City of Newton Board of Assessors, and for the payment of any and all other costs associated therewith, there be and hereby is appropriated and authorized to be borrowed under and pursuant to Chapter 44B of the General Laws (the Community Preservation Act), or pursuant to any other enabling authority, the sum of Two Million Three Hundred Thousand Dollars ($2,300,000), provided, however, that any long term bonds issued pursuant to this order shall be for a maximum term of ten (10) years, exclusive of the term of any bond anticipation notes that may be issued prior to the issuance of any long term bonds for this purpose.

Under Suspension of Rules
Readings Waived and Emergency Measure and Appropriation Approved
22 yeas, 0 nays, 1 absent (Ald. Burg), 1 recused (Ald. Coletti)

(SGD) DAVID A. OLSON
City Clerk

(SGD) DAVID B. COHEN
Mayor

RECEIVED

MAY 0 8 2007

MAYOR'S OFFICE

Attest Middlesex S. Register

A True Copy
Attest

City Clerk of Newton, Mass.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUPERIOR COURT

PATRICK J. HANNON,                        )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civil Action No. 2008-4163
                                          )
CITY OF NEWTON,                           )
                                          )
            Defendant,                    )
                                          )

## DECLARATION OF COMPLIANCE WITH SUPERIOR COURT RULE 9A

I, Edward J. Murphy, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Trial Attorney with the United States Department of Justice, Tax Division,

Washington, D.C., and I am responsible for representing the United States of America with

respect to the above-captioned case.

2.      On November 8, 2010, I served the United States' Motion to Intervene and all

attachments to that motion on the parties listed in the Certificate of Service included with that

motion via U.S. mail.

3.      On November 22, 2010, I received a copy of Rita S. Manning's Opposition to the

United States' Motion to Intervene, with attachments, via electronic mail.  A copy of that

opposition is included in the Superior Court Rule 9A Package.

4.      The period for any other party to serve an opposition to the United States' Motion

to Intervene upon the United States has expired.

I declare under penalty of perjury that the foregoing is true and accurate.  Executed on this 30th day of November, 2010, at Washington, D.C.

EDWARD J. MURPHY
Trial Attorney, Tax Division
United States Department of Justice

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                     SUPERIOR COURT

|  |  |
|---|---|
| PATRICK J. HANNON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2008-4163 |
| CITY OF NEWTON, | ) |
| Defendant, | ) |

## CERTIFICATE OF NOTICE OF FILING SUPERIOR COURT RULE 9A PACKAGE

Please take notice that the Rule 9A Package for the United States' Motion to Intervene has been filed with the Middlesex Superior Court.  Furthermore, I certify that service of the List of Documents Included in the Superior Court Rule 9A Package, the Rule 9A Package, and this document has this 30th day of November, 2010 been made upon the following parties by depositing a copy in the United States mail, postage prepaid, addressed to:

George A. McLaughlin, III and
Joel E. Faller
The McLaughlin Brothers, P.C.
One Washington Mall, 16th Floor
Boston, MA 02108

Donnalyn B. Lynch-Kahn and
Maura E. O'Keefe
1000 Commonwealth Avenue
City Hall, Legal Department
Newton Centre, MA 02459

Eileen Ryan McAuliffe
Massachusetts Department of Revenue
100 Cambridge Street, 7th Floor
P.O. Box 9565
Boston, MA 02114

Thomas J. Flannagan
MacLean Holloway Doherty Ardiff &
Morse, P.C.
8 Essex Center Drive
Peabody, MA 01960

EDWARD J. MURPHY (BBO 669265)
Trial Attorney, Tax Division
U.S. Department of Justice

*Murphy*
*7839*

LAW OFFICES OF
# THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16th Floor*
*Boston, MA  02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

December 1, 2010

James J. Lynch, III
Second Assistant Clerk-Magistrate
Middlesex Superior Court
200 Trade Center, Courtroom 420
Woburn, MA  01801

Re:   Patrick J. Hannon v. City of Newton, Middlesex Superior Court,
      Civil Action No. 08-4163.

Dear Mr. Lynch:

        Enclosed please find a hard copy of the proposed Order Enforcing Attorney's Lien that
was previously sent by email.

        Thank you for your attention to this matter.

                              Sincerely,

                              THE McLAUGHLIN BROTHERS, P.C.,


                              By: _____
                                    Joel E. Faller

JEF/eb

Enclosure
cc:   Donnalyn B. Lynch Kahn,
      Thomas J. Flannagan, Esq.
      Eileen Ryan McAuliffe, Esq.
      Edward J. Murphy, Esq.

H:\HANNON - EMDOM\LETTERS\midd sup ct - Lynch James  hard copy Orders 11 30 10.doc

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPT.
                                        OF THE TRIAL COURT
                                        CIVIL ACTION NO. 08-4163

_____
                               )
PATRICK J. HANNON,             )
                               )
            Plaintiff,         )
                               )
v.                             )
                               )
CITY OF NEWTON,                )
                               )
            Defendant.         )
_____)

## ORDER ENFORCING ATTORNEY'S LIEN

It is hereby Ordered, pursuant to the Order dated November 24, 2010 allowing the Motion

to Enforce Attorney's Lien, that the Clerk of Court shall pay the sum of one hundred fifty-one

thousand, seven hundred sixty-one dollars and seventy-three cents ($151,761.73) to the plaintiff's

counsel, The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108,

from the funds deposited by the City of Newton in this matter.


                    By:_____
                        Thomas P. Billings, J.
                        Associate Justice of the Superior Court

Dated: December __, 2010


1

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2008-04163**

RE:   Hannon v Newton

TO:   Edward J. Murphy, Esquire
      Tax Division, U.S. Dept of Justice
      Post Office Box 55
      Washington, DC 20044

_____

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/07/2010**:

*RE: Order Enforcing Attorney's Lien*

**is as follows:**

**(P#29.5) ORDER ENFORCING ATTORNEY'S LIEN: It is hereby Ordered, pursuant to the Order dated November 24, 2010 allowing the Motion to Enforce Attorney's Lien, that the Clerk of Court shall pay the sum of one hundred fifty-one thousand, seven hundred sixty-one dollars and seventy-three cents ($151,761.73) to the plaintiff's counsel, The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108, from the funds deposited by the City of Newton in this matter. (Thomas P. Billings, Associate Justice of the Superior Court) Dated December 2, 2010 and copies mailed 12-7-2010**

Dated at Woburn, Massachusetts this 7th day of December, 2010.

                                        Michael A. Sullivan,
                                        Clerk of the Courts

                        BY:

                                        James Lynch
                                        Assistant Clerk

Telephone: 781-939-2781

Copies mailed 12/07/2010

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2008-04163**

RE:   Hannon v Newton


TO:   Edward J. Murphy, Esquire
      Tax Division,U.S.Dept of Justice
      Post Office Box 55
      Washington, DC 20044


------------

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/07/2010**:

*RE: Order Enforcing Attorney's Lien*

**is as follows:**

**(P#29.5) I have today received and allowed the United States' Motion to Intervene. The Order enforcing Attorney's Lien is therefore VACATED pending the filing of a new motion, duly served on counsel to the United States per Superior Court Rule 9A. (Thomas P. Billings, Justice).Dated 12/6/2010 and Notices mailed 12/7/2010**

Dated at Woburn, Massachusetts this 7th day of December, 2010.

Michael A. Sullivan,
Clerk of the Courts

BY:

James Lynch
Assistant Clerk

Telephone: 781-939-2781

Copies mailed 12/07/2010

Disabled individuals who need handicap accommodations should contact the Administrative Office of the
Superior Court at (617) 788-8130 -- cvdresult_2.wpd 3625687 mottext pantosm

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2008-04163**

RE:   Hannon v Newton


TO:   Edward J. Murphy, Esquire
      Tax Division,U.S.Dept of Justice
      Post Office Box 55
      Washington, DC 20044

---

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/07/2010**:

*RE: NON-Party United States' MOTION to Intervene; Memorandum in support of; Declaration of John Carroll; Rita S. Manning's opposition to Non-Party motion to intervene; Declaration of Compliance with Sup.Crt. Rule 9A*

**is as follows:**

**(P#30) ALLOWED (Thomas P. Billings, Justice) Dated 12/6/2010 and Notices mailed 12/7/2010**

Dated at Woburn, Massachusetts this 7th day of December, 2010.

Michael A. Sullivan,
Clerk of the Courts

BY:

James Lynch
Assistant Clerk

Telephone: 781-939-2781

Copies mailed 12/07/2010

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET#: **MICV2008-04163-J**

RE:   Hannon v Newton

TO:   Edward J. Murphy, Esquire
      Tax Division,U.S.Dept of Justice
      Post Office Box 55
      Washington, DC 20044

_____

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **12/07/2010** the following entry was made on the above referenced docket:

   **ORDER: Upon the United States' Motion to Intervene,the United States of America having shown that it meets the requirements to intervene as a party pursuant to Mass.R.Civ.P. 24(a) and/or 26 U.S.C. S> 7424, IT IS ORDERED that the United States may file its Complaint in Intervention and that the Commonwealth of Massachusetts, Rita S. Manning, and Patrick J. Hannon must respond to that complaint in accordance with Mass.R.Civ.P. 12. (Thomas P. Billings, Massachusetts Superior Court Justice) Dated 12/6/2010 and copies mailed 12/7/2010**
Dated at Woburn, Massachusetts this 7th day of December, 2010.

                                        Michael A. Sullivan,
                                        Clerk of the Courts

                                        BY: James Lynch
                                        Assistant Clerk

Telephone: 781-939-2781

31

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUPERIOR COURT

| | |
|---|---|
| PATRICK J. HANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2008-4163 |
| | ) |
| CITY OF NEWTON, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
| and RITA S. MANNING, | ) |
| | ) |
| Intervenors. | ) |

## ORDER

Upon the *United States' Motion To Intervene*, the United States of America having shown

that it meets the requirements to intervene as a party pursuant to Mass. R. Civ. P. 24(a) and/or

26 U.S.C. § 7424, IT IS ORDERED that the United States may file its Complaint in Intervention

and that the Commonwealth of Massachusetts, Rita S. Manning, and Patrick J. Hannon must

respond to that complaint in accordance with Mass. R. Civ. P. 12.

Dated: 12/6/10 _____          _____
                                         Massachusetts Superior Court Justice

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

Civil Docket **MICV2008-04163**

RE:   Hannon v Newton

TO:   Edward J. Murphy, Esquire
      Tax Division,U.S.Dept of Justice
      Post Office Box 55
      Washington, DC 20044

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/20/2010**:

*RE: Plaintiff Patrick J. Hannon's Counsel's assented to MOTION to reconsider Order vacating Order allowing Motion to enforce Attorney's Lien.*

**is as follows:**

Motion (P#32) DENIED without prejudice. The United States is now a party to this case. Absent assent by all parties, the procedures under Rule 9A are to be followed. Dated: December 15, 2010 (Thomas P. Billings, Justice) Notices mailed 12/20/2010

Dated at Woburn, Massachusetts this 20th day of December, 2010.

                                          Michael A. Sullivan,
                                          Clerk of the Courts

                              BY:

                                          James Lynch
                                          Assistant Clerk

Telephone: 781-939-2781

Copies mailed 12/20/2010

Disabled individuals who need handicap accommodations should contact the Administrative Office of the
Superior Court at (617) 788-8130 -- cvdresult_2.wpd 3631037 motden clancyc

LAW OFFICES OF

# THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16th Floor*
*Boston, MA 02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

December 21, 2010

*Via Federal Express*
*Tracking No. 8729 8578 5757*
*and Facsimile (781) 939-0872*

James J. Lynch, III
Second Assistant Clerk-Magistrate
Middlesex Superior Court
200 Trade Center, Courtroom 420
Woburn, MA 01801

Re:   Patrick J. Hannon v. City of Newton, Middlesex Superior Court,
      Civil Action No. 08-4163.

Dear Mr. Lynch:

Enclosed please find the following documents:

1.   Assented to Motion to Reconsider Order Vacating Order Allowing Motion to Enforce
     Attorney's Lien;

2.   Affidavit of Compliance with Superior Court 9A ; and

3.   Document List.

James J. Lynch, III
December 21, 2010
Page 2


      I would appreciate your bringing this Motion to the Court's attention before the Hearing on December 22, 2010 at 2:00.  Thank you for your attention to this matter.

              Sincerely,

              THE McLAUGHLIN BROTHERS, P.C.,


              By: _____
                  Joel E. Faller

JEF/eb

Enclosure
cc:    Donnalyn B. Lynch Kahn,
      Thomas J. Flannagan, Esq.
      Eileen Ryan McAuliffe, Esq.
      Edward J. Murphy, Esq.


H:\HANNON - EMDOM\LETTERS\midd sup ct - Lynch James Assented to Motion to Reconsider Order 12 21 10.doc

LAW OFFICES OF
# THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16th Floor*
*Boston, MA 02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

December 8, 2010

*Via Hand Delivery*

James J. Lynch, III
Second Assistant Clerk-Magistrate
Middlesex Superior Court
200 Trade Center, Courtroom 420
Woburn, MA  01801

Re:   Patrick J. Hannon v. City of Newton, Middlesex Superior Court,
      Civil Action No. 08-4163.

Dear Sir/Madam:

Enclosed for filing in the above-entitled matter please find the Assented to Motion to Reconsider Order Vacating Order Allowing Motion to Enforce Attorney's Lien.

Thank you for your attention to this matter.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.,

By: _____
                    Joel E. Faller

JEF/eb

Enclosure

H:\HANNON - EMDOM\LETTERS\midd sup ct - Lynch James Assented to Motion tio Reconsider Order Vacating OrderAllowing Motion to
Enforce Attorney's Lien.doc

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO. 08-4163

PATRICK J. HANNON,                      )
                                        )
              Plaintiff,                )
                                        )
                                        )
v.                                      )
                                        )
CITY OF NEWTON,                         )
                                        )
              Defendant.                )
                                        )

## ASSENTED TO MOTION TO RECONSIDER ORDER VACATING ORDER ALLOWING MOTION TO ENFORCE ATTORNEY'S LIEN

Now comes the plaintiff's counsel, The McLaughlin Brothers, P.C., (the "Firm") and

hereby requests this Honorable Court reconsider its Order vacating its prior Order allowing the

Motion to Enforce Attorney's Lien.  In support, the Firm states the following:

1.    On October 27, 2010, the Firm served its Motion to Enforce Attorney's Lien (the

      "Motion") upon all parties currently in this case, **including the United States of**

      **America (the "United States"),** who recently intervened in the case.

2.    No parties opposed the Motion within the time period allowed by Superior Court Rule

      9A.

3.    Further, counsel for all parties in the case informed the Firm that they did not oppose the

      Motion, including:  Maura O'Keefe, representing the City of Newton; Thomas Flannagan,

      representing Rita Manning; Eileen McAuliffe, representing the Massachusetts

1

Department of Revenue and Edward Murphy, representing the United States of America.

4.   Although the United States was not formally a party to this case at the time the Motion was served, the Firm provided the United States' counsel now representing it in this matter, Edward Murphy, with a copy of the Motion. Attorney Murphy sent an email to the Firm stating that the United States would not oppose the Motion. A copy of the email from Attorney Murphy is attached hereto as Exhibit A.

5.   On November 15, 2010, the Firm filed the Motion with this Court. Along with the Motion, the Firm filed an Affidavit of Compliance with Superior Court Rule 9A (the "9A Affidavit"), which certified that the Firm served all parties and the United States Internal Revenue Service and that all parties, including the Internal Revenue Service stated that they would not oppose the Motion. A copy of the 9A Affidavit is attached hereto as Exhibit B.

6.   On November 24, 2010, the Court allowed the Motion. On December 2, 2010 the Court signed an Order Enforcing Attorney's Lien, ordering: "that the Clerk of Court shall pay the sum of One Hundred Fifty-Thousand, Seven Hundred Sixty-One Dollars and Seventy-Three Cents ($150,761,73), to the McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA  02108, from the funds deposited by the City of Newton in this matter."

7.   On December 3, 2010, the United States filed its Motion to Intervene.

8.   On December 7, 2010, the Court allowed the Motion to Intervene and vacated the Order Enforcing Attorney's Lien, pending the filing of a new motion served on counsel to the United States.

9.   However, new service on the United States is unnecessary, because the United States has already been served with the Motion and decided not to oppose it.

10.  Intervening parties, the United States of America and Massachusetts Department of Revenue, have assented to this Motion.  The City of Newton and Rita Manning have informed the undersigned that they do not take a position.

For the foregoing reasons, the Firm requests that the Court:

A.   Reconsider its Order vacating its Order Enforcing Attorneys Lien;

B.   Reinstate the Order Enforcing Attorney's Lien;

C.   Order that the Clerk of Court shall pay the sum of One Hundred Fifty-One Thousand Seven Hundred Sixty-One Dollars and Seventy-Three cents ($151,761.73) to the plaintiff's counsel, The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108 from the funds deposited by the City of Newton in this matter;

D.   Order such further relief as it is just and equitable.

Respectfully submitted,

THE McLAUGHLIN BROTHERS, P.C.,

By: _____

George A. McLaughlin, III
BBO No. 544822
Joel E. Faller
BBO No. 659474
One Washington Mall, 16th Floor
Boston, MA  02108
(617) 523-7165

December 8, 2010

3

ASSENTED TO:


MASSACHUSETTS DEPARTMENT OF REVENUE

By: _Eileen Ryan McAuliffe by JEF_
      Eileen Ryan McAuliffe
      BBO No. 435260
      Massachusetts Department of Revenue
      100 Cambridge Street, 7th Floor
      P.O. Box 9565

THE UNITED STATES OF AMERICA

By: _Edward J. Murphy by JEF_
      Edward J. Murphy
      BBO No. 669265
      U.S. Department of Justice
      P.O. Box 55, Ben Franklin Station
      Washington, D.C. 20044-0055
      202-307-6064
      Edward.j.murphy@usdoj.gov

4

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that I have on this ___8___ th day of December, 2010, served the foregoing on all parties hereto by mailing copies thereof via first-class mail, postage prepaid, to Donnalyn B. Lynch Kahn, City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA 02459, The Commonwealth of Massachusetts Department of Revenue, Legal Division ATTN: Eileen Ryan McAuliffe, The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565; Thomas J. Flannagan, MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA 01960; The United States of America; Edward Murphy, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044-0055.

By: _____

Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Assented to Motion to Reconsider Order Allowing Motion to Enforce Attorney's Lien.doc

# EXHIBIT A

## Joel E Faller, Esq.

| | |
|---|---|
| **From:** | Murphy, Edward J. (TAX) [Edward.J.Murphy@usdoj.gov] |
| **Sent:** | Friday, November 12, 2010 12:38 PM |
| **To:** | Joel E Faller, Esq. |
| **Subject:** | RE: Patrick J. Hannon - Release of Tax Lien |

I now have supervisory approval to tell you that we do not oppose payment of the attorney's fees.

---

**From:** Joel E Faller, Esq. [mailto:joel.faller@mclaughlinbrothers.com]
**Sent:** Tuesday, November 09, 2010 10:09 AM
**To:** Murphy, Edward J. (TAX)
**Subject:** RE: Patrick J. Hannon - Release of Tax Lien

Ted:

Are you able to confirm that the IRS will not file an opposition to the Motion to Enforce Attorney's Lien that we served on October 27? Thanks.


Joel E. Faller, Esq.
THE McLAUGHLIN BROTHERS, P.C.
One Washington Mall, 16th Floor
Boston, MA 02108
Tel. No. 617-523-7165
Fax No. 617-227-5240
----
This email and any and all documents accompanying this email contain information from The McLaughlin Brothers, P.C. that is confidential and/or legally privileged. The information is intended only for the use of the individuals or entities named in this email. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email is strictly prohibited. If you have received this email in error, please notify us by telephone immediately (617-523-7165) and destroy any and all physical and computer records of this email.


---

**From:** Murphy, Edward J. (TAX) [mailto:Edward.J.Murphy@usdoj.gov]
**Sent:** Monday, November 08, 2010 3:24 PM
**To:** Joel E Faller, Esq.
**Cc:** Eileen.McAuliffe@state.ma.us; Thomas J. Flannagan
**Subject:** RE: Patrick J. Hannon - Release of Tax Lien

The attached motion to intervene is being served via this evening's mail.

---

**From:** Joel E Faller, Esq. [mailto:joel.faller@mclaughlinbrothers.com]
**Sent:** Thursday, November 04, 2010 11:40 AM
**To:** Murphy, Edward J. (TAX)
**Cc:** Eileen.McAuliffe@state.ma.us; 'Thomas J. Flannagan'
**Subject:** RE: Patrick J. Hannon - Release of Tax Lien

Attorney Murphy:

I attach the Motion to Enforce Attorney's Lien as well as the signed contingent fee relevant to the case. I will be happy to discuss any questions you have regarding our fees.

I intend to address this Motion at the hearing on Tuesday. It appears likely that any dispute regarding the payment of Judgment proceeds is between the IRS, DOR and Rita Manning, and that no party is expected to contest The McLaughlin Brothers, P.C.'s entitlement to its fees incurred in generating the Judgment. If that is the case, I would greatly appreciate if you would agree that those fees could be paid up front, rather than require us to wait during a protracted dispute that does not involve our fees. Thank you for your consideration. Please give me a call when you have had a chance to review the attached documents.

Joel E. Faller, Esq.
THE McLAUGHLIN BROTHERS, P.C.
One Washington Mall, 16th Floor
Boston, MA 02108
Tel. No. 617-523-7165
Fax No. 617-227-5240
---

This email and any and all documents accompanying this email contain information from The McLaughlin Brothers, P.C. that is confidential and/or legally privileged. The information is intended only for the use of the individuals or entities named in this email. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email is strictly prohibited. If you have received this email in error, please notify us by telephone immediately (617-523-7165) and destroy any and all physical and computer records of this email.

**From:** Murphy, Edward J. (TAX) [mailto:Edward.J.Murphy@usdoj.gov]
**Sent:** Thursday, November 04, 2010 10:36 AM
**To:** Thomas J. Flannagan
**Cc:** joel.faller@mclaughlinbrothers.com; Eileen.McAuliffe@state.ma.us
**Subject:** RE: Patrick J. Hannon - Release of Tax Lien

That is not a lien release. That is a certificate of discharge, as the title of the document clearly states, that only discharges the real property from the force and effect of the federal tax liens, which remain attached to all of the taxpayers' other property and rights to property (as the last paragraph in the certificate says), then existing or thereafter acquired. Our position is that Mr. Hannon's judgment against the City of Newton is a separate property interest to which the liens attach.

People frequently misuse the term "release" when they really mean "discharge." A "release" would mean that the IRS has no liens against Mr. Hannon any more, as would be the case if he completely paid off his taxes or if the statute of limitations on collection had expired (neither of those has occurred here). That is why I told you that I would not pursue the case if there has indeed been a release, but I was skeptical of your claim because the IRS would not have referred a case to my office to enforce liens that had been released. A release would literally say "release" in the title and be filed at the registry of deeds, and I assume you have nothing like that.

A "discharge" is different in that it only means that the liens can't be enforced against a specific piece of property, and a certificate of discharge is normally issued only when an indebted taxpayer sells property and turns over the proceeds. This wasn't a sale but a taking, though the idea appears to have been the same, i.e., to give the new owner of the real property clear title.

I assume the City of Newton, in effectuating the taking, also wanted the Manning and DOR liens to be discharged from this same property. Were those liens discharged as well? If so, aren't the creditors all in exactly the same position of having discharged liens against the realty but still claiming an interest in the litigation proceeds? Did Manning and DOR receive any money from the property at the time of the taking? If they did not, and the IRS did, isn't that a strong indication that the IRS liens are senior?

I still plan on filing a motion to intervene and then removing the case to federal court. I am probably not going to challenge the legal fees coming off the top, but I need to know a little bit about the fees before I can say that definitively. Was this a 1/3 contingency fee? I am copying Eileen McAuliffe, counsel for the Mass. DOR, to this email.

--Ted

Edward J. Murphy, Trial Attorney
U.S. Department of Justice, Tax Division
Box 55, Ben Franklin Station
Washington, DC 20044
Phone: (202) 307-6064
Fax: (202) 514-5238

**From:** Thomas J. Flannagan [mailto:Tflannagan@mhdpc.com]
**Sent:** Thursday, November 04, 2010 8:53 AM
**To:** Murphy, Edward J. (TAX)
**Cc:** joel.faller@mclaughlinbrothers.com
**Subject:** Patrick J. Hannon - Release of Tax Lien
**Importance:** High

Mr. Murphy:

        In follow-up to our telephone conversation yesterday, attached please find a copy of the IRS's release of lien in relation to the property that was the subject of the eminent domain trial and judgment.  Please confirm that the Federal Government will not intervene in the underlying action in an attempt to enforce the lien that has been released.

        For your information, I have copied Mr. Hannon's counsel on this email.

        Please contact me with any further questions.

Thank you,


Thomas J. Flannagan, Esq.

**MACLEAN HOLLOWAY DOHERTY ARDIFF & MORSE, P.C.**
**8 Essex Center Drive**
**Peabody, MA  01960**
**Tel:   (978) 774-7123**
**Fax:   (978) 774-7164**
**tflannagan@mhdpc.com**

*This message and any attachments are intended only for the use of the intended recipient and may contain information that is PRIVILEGED and CONFIDENTIAL.*

*If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Thank you.*


IRS Circular 230 Notice (MacLean Holloway Doherty Ardiff & Morse P.C.):
Any tax advice included in the text of this message, or in any attachment, (i) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any tax penalties that may be imposed under the Internal Revenue Code and (ii) should not be used in promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This communication is intended only for the use of the individual or entity named as the addressee. It may contain information which is privileged and/or confidential under applicable law. If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at (978) 774-7123 or via return internet email to sender and expunge this communication without making any copies. Thank you for your cooperation.

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO. 08-4163

PATRICK J. HANNON,

           Plaintiff,

v.

CITY OF NEWTON,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)

## AFFIDAVIT OF COMPLIANCE WITH SUPERIOR COURT RULE 9A

I, Joel E. Faller, having been duly sworn, hereby depose and say that:

1.    I make this affidavit based upon personal knowledge.

2.    On October 27, 2010, I served the Motion to Enforce Attorney's Lien (the "Motion") upon counsel for the defendant, upon the plaintiff personally and upon all parties who have intervened in the case, including the Massachusetts Department of Revenue, and Rita Manning.

3.    I also served by mail a courtesy copy of the Motion to all parties identified as holders of liens, attachments or executions over the property that was the subject of the above-captioned case as identified in Exhibit A to the Motion, including the United States Internal Revenue Service, who has served a Motion to Intervene in this case.

4.    No opposition has been received.

5.    I have been informed by all current parties, including interveners, and by the Internal

6.   the plaintiff has informed me that he assents to the Motion.

7.   I have complied with Superior Court Rule 9A.

Signed under the pains and penalties of perjury this _12_ th day of November, 2010.

Joel E. Faller
BBO No. 659474
One Washington Mall, 16th Floor
Boston, MA 02108
(617) 523-7165

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that I have this 12th day of November, 2010 served the attached Affidavit of Compliance with Superior Court Rule 9A by mailing a copy thereof postage prepaid to Donnalyn B. Lynch Kahn, Interim City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA 02459; Thomas J. Flannagan, Esq., MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA 01960, Eileen Ryan McAuliffe, Esq., The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565 and Edward J. Murphy, Esq., U.S. Department of Justice, Tax Division, Box 55, Ben Franklin Station, Washington, DC 20044.

By: _____
          Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Affidavit 9A v2.doc

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO. 08-4163

```
                                    )
PATRICK J. HANNON,                  )
                                    )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
CITY OF NEWTON,                     )
                                    )
                Defendant.          )
                                    )
```

## AFFIDAVIT OF COMPLIANCE WITH SUPERIOR COURT RULE 9A

I, Joel E. Faller, having been duly sworn, hereby depose and say that:

1.   I make this affidavit based upon personal knowledge.

2.   On December 8, 2010, I served the Assented to Motion to Reconsider Order Vacating Order Allowing Motion to Enforce Attorney's Lien (the "Motion") upon counsel for all parties in this matter.

3.   Counsel for the United States and for the Massachusetts Department of Revenue have assented to the Motion.

4.   Counsel for Newton and for Rita Manning have informed the undersigned that they will not object to the Motion.

5.   No opposition has been received.

6.   I have complied with Superior Court Rule 9A.

Signed under the pains and penalties of perjury this 21st day of December, 2010.

_____
Joel E. Faller
BBO No. 659474
One Washington Mall, 16th Floor
Boston, MA 02108
(617) 523-7165

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that I have this 21st day of December, 2010 served the attached Affidavit of Compliance with Superior Court Rule 9A by mailing a copy thereof postage prepaid to Donnalyn B. Lynch Kahn, Interim City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA 02459, Thomas J. Flannagan, Esq., MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA 01960, Eileen Ryan McAuliffe, Esq., The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565 and Edward J. Murphy, Esq., U.S. Department of Justice, Tax Division, Box 55, Ben Franklin Station, Washington, DC 20044.

By: _____
Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Affidavit 9A 12 21 10 .doc

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO. 08-4163

```
                                    )
PATRICK J. HANNON,                  )
                                    )
              Plaintiff,            )
                                    )
v.                                  )
                                    )
CITY OF NEWTON,                     )
                                    )
              Defendant.            )
                                    )
```

## DOCUMENT LIST

1. Motion to Reconsider Order Vacating Order Allowing Motion to Enforce Attorney's Lien;

2. Affidavit of Compliance with Superior Court Rule 9A; and

3. Document List.

Respectfully submitted,

By his attorneys,

THE McLAUGHLIN BROTHERS, P.C.,

By: _____
    George A. McLaughlin, III
    BBO No. 544822
    Joel E. Faller
    BBO No. 659474
    One Washington Mall, 16th Floor
    Boston, MA  02108
    (617) 523-7165

Dated: December 21, 2010

## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that on the 21st day of December, 2010, I served the above Document List on all parties hereto by delivering a copy thereof via first class mail, postage prepaid, to Donnalyn B. Lynch Kahn, Interim City Solicitor, City of Newton, 1000 Commonwealth Avenue, Newton Centre, MA 02459, Thomas J. Flannagan, Esq., MacLean Holloway Doherty Ardiff & Morse PC, 8 Essex Center Dr., Peabody, MA 01960, Eileen Ryan McAuliffe, Esq., The Commonwealth of Massachusetts Department of Revenue, Legal Division, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565 and Edward J. Murphy, Esq., U.S. Department of Justice, Tax Division, Box 55, Ben Franklin Station, Washington, DC 20044.

Joel E. Faller

H:\HANNON - EMDOM\PLEADINGS\Document List 12 21 10.doc

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2008-04163**

RE:   Hannon v Newton

TO:   Edward J. Murphy, Esquire
      Tax Division,U.S.Dept of Justice
      Post Office Box 55
      Washington, DC 20044

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/22/2010**:

*RE: Assented to Motion to Reconsider Order Vacating Order
Allowing Motion to Enforce Attorney's Lien*

**is as follows:**

**Motion (P#33) After hearing, ALLOWED. Dated: December 22, 2010 (Thomas P. Billings, Justice) Notices mailed 12/22/2010**

Dated at Woburn, Massachusetts this 22nd day of December, 2010.

Michael A. Sullivan,
Clerk of the Courts

BY:

James Lynch
Assistant Clerk

Telephone: 781-939-2781

Copies mailed 12/22/2010

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET#: **MICV2008-04163-J**


RE:    Hannon v Newton

TO:    Edward J. Murphy, Esquire
       Tax Division,U.S.Dept of Justice
       Post Office Box 55
       Washington, DC 20044

_____


## CLERK'S NOTICE


## SEE ATTACHED COPIES.


Dated at Woburn, Massachusetts this 22nd day of December,
2010.

                                        Michael A. Sullivan,
                                        Clerk of the Courts

                                        BY: James Lynch
                                        Assistant Clerk


Telephone: 781-939-2781


**Disabled individuals who need handicap accommodations should contact the Administrative Office
of the Superior Court at (617) 788-8130**

34

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPT.
                                                  OF THE TRIAL COURT
                                                  CIVIL ACTION NO. 08-4163

```
_____
                          )
PATRICK J. HANNON,        )
                          )
            Plaintiff,    )
                          )
v.                        )
                          )
CITY OF NEWTON,           )
                          )
            Defendant.    )
_____)
```

## ORDER ENFORCING ATTORNEY'S LIEN

It is hereby Ordered, pursuant to the Order dated November 24, 2010 allowing the Motion

to Enforce Attorney's Lien, that the Clerk of Court shall pay the sum of one hundred fifty-one

thousand, seven hundred sixty-one dollars and seventy-three cents ($151,761.73) to the plaintiff's

counsel, The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108,

from the funds deposited by the City of Newton in this matter.

By: _____
        Thomas P. Billings, J.
        Associate Justice of the Superior Court

Dated:  December 2, 2010

1